UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
EIMONT BRONZINI,

                  Plaintiff,   :   11 CIV. 2096 (KBF)

            - against -

CLASSIC SECURITY, LLC,

                  Defendant.
-------------------------------------------------------------- X

## CLASSIC SECURITY, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PARTIALLY DISMISS THE AMENDED COMPLAINT

                                              TANNENBAUM HELPERN SYRACUSE
                                              & HIRSCHTRITT LLP
                                              Attorneys for Defendant Classic Security, LLC
                                              900 Third Avenue
                                              New York, New York 10022
                                              (212) 508-6700

Of Counsel:   Andrew W. Singer
                     Maryann C. Stallone

# Table of Contents

    **Page**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF
        COLLATERAL ESTOPPEL AND RES JUDICATA ........................................... 2

CONCLUSION .................................................................................................................... 6

## Table of Authorities

**Cases**                                                                                                      **Page**

*Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury,*
270 F. App'x 52 (2d Cir. 2008) .................................................................................... 4

*Batyreva v. N.Y. City Dep't of Educ.,*
No. 07 Civ 4544, 2008 WL 4344583 (S.D.N.Y. Sept. 18, 2008) ................................ 4

*Bey v. City of New York,*
No. 10 Civ 4107, 2011 U.S. App. LEXIS 25109 (2d Cir. Dec. 19, 2011) ................ 3, 4

*Buford v. Coombe,*
1999 U.S. App. LEXIS 25493 (2d Cir. Oct. 8, 1999) ................................................. 4

*Cieszkowska v. Grayl Line N.Y.,*
295 F.3d 204 (2d Cir. 2002) ........................................................................................ 4

*Gaind v. Pierot,*
282 F. App'x 946 (2d Cir. 2008) ................................................................................ 4

*Hong Mai v. Doe,*
406 F.3d 155 (2d Cir. 2005) ........................................................................................ 5

*Iwachiw v. N.Y. State Dep't of Motor Vehicles,*
396 F.3d 525 (2d Cir. 2005) ........................................................................................ 5

*Koo v. Dep't of Bldgs. of City of N.Y.,*
No. 06 Civ. 2454, 2007 WL 643324 (2d Cir. Feb. 28, 2007) .................................. 4-5

*In re Martin-Trigona,*
9 F.3d 226 (2d Cir. 1993) ............................................................................................ 5

*Monahan v. N.Y. City Dep't of Corrs.,*
214 F.3d 275 (2d Cir. 2000) ........................................................................................ 3

*Montana v. United States,*
440 U.S. 147 (1979) .................................................................................................... 3

*Safir v. United States Lines, Inc.,*
792 F.2d 19 (2d Cir. 1986) .......................................................................................... 5

*Taylor v. Sturgell,*
553 U.S. 880 (2008) .................................................................................................... 3

*United States v. Alcan Aluminum Corp.*,
 990 F.2d 711 (2d Cir. 1993)...................................................................................................3

*Wash v. United States Tennis Assoc.*,
 290 F. Supp. 2d 323 (E.D.N.Y. 2003) ....................................................................................4

*Yaohua Deng v. Aramark Educ. Group, Inc.*,
 No. 06 Civ. 1733, 2007 WL 3231104 (2d Cir. Nov. 2, 2007) ................................................5

### **OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1

## PRELIMINARY STATEMENT

Defendant Classic Security LLC ("Classic") submits this Reply Memorandum of Law in Further Support of Its Motion To Partially Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

As is plainly apparent from Plaintiff's opposition papers, Plaintiff here seeks to re-litigate the very same issues and claims of discrimination and retaliation that Plaintiff pursued against Classic in Bronzini I[1]. Plaintiff does not even try to conceal this fact, but rather blatantly asks this Court to "open the case from 2008 year" because "[a]ll Judge Harold Baer's actions shall be considered as an act of injustice and violation of the Rule 56(C) of the Federal Rules of Civil Procedure." Plaintiff's Opp. Br. at 2-3, 51. Plaintiff's attempt to have this Court re-open the 2008 case and to once again re-litigate the very same issues and claims that were found to be without merit by three independent forums -- the EEOC in November 2007, the district court in January 2009, and the Court of Appeals for the Second Circuit (the "Court of Appeals") in April 2010 -- is not only a waste of judicial resources and frivolous, but is precluded as a matter of law by the doctrines of collateral estoppel and *res judicata*.

Although Plaintiff is dissatisfied with the ultimate result reached by the district court and Court of Appeals, justice was undoubtedly served in the underlying Bronzini I case since Plaintiff had a full and fair opportunity to present his case to two courts of competent jurisdiction. In fact, after having fully briefed his appeal, which included a voluminous record comprised of, *inter alia*, Plaintiff's Rule 56.1 Statement of Facts, Plaintiff raised the identical arguments and facts in support of his and his wife's claims during oral argument to the Court of Appeals that he now asserts in the instant action. After having heard Plaintiff's arguments as to

---

[1] Capitalized terms not otherwise defined herein will have the same meaning as ascribed to them in Classic's Memorandum of Law In Support of Its Motion To Partially Dismiss the Amended Complaint, dated January 9, 2012.

why the district court had erred in dismissing his and his wife's claims of discrimination and retaliation, the Court of Appeals independently reviewed the record and unanimously affirmed the findings of the district court concluding that "plaintiffs failed to adduce evidence that would permit a reasonable factfinder to conclude that defendant's non-discriminatory, legitimate business reasons for the challenged employment actions were a pretext for discrimination." Singer Affidavit[2] Ex. 2. Similarly, "upon independent review of the record," the Court of Appeals found that the evidence was insufficient to support plaintiffs' retaliation claims. *Id.*

Plaintiff has had several bites at the apple to prove his and his wife's claims that arose prior to the 2009 Decision; the law simply does not permit another. For the foregoing reasons, and those addressed below, we respectfully request that this Court dismiss all of Plaintiff's claims that arose prior to the 2009 Decision as a matter of law.

Moreover, in the event this Court grants Classic's motion, Classic respectfully asks this Court to issue an order barring Plaintiff from filing any further civil lawsuit in a court of the United States against Classic involving the same facts and claims currently before the Court, without first obtaining leave of such court, since such claims are not only frivolous but will cause an unnecessary burden and expense to this Court and Classic.

## ARGUMENT

### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA

Plaintiff does not dispute that the claims Classic now seeks to dismiss with this motion are identical to the claims dismissed by the district court and affirmed by the Court of Appeals in Bronzini I. Because Plaintiff's discrimination and retaliation claims, which arose prior to the

---

[2] References to the "Singer Affidavit" are to the Affidavit of Andrew W. Singer In Support of Classic's Motion to Partially Dismiss the Amended Complaint, sworn to on January 9, 2012.

2009 Decision, were dismissed on the merits in Bronzini I by two courts of competent jurisdiction, these claims are barred as a matter of law.

The law is well-settled in this circuit that a party is barred from re-litigating or asserting claims in a subsequent litigation that were actually litigated and decided by a court of competent jurisdiction in a prior action between the same parties, or that could have been raised and litigated in the prior action. *See Bey v. City of N. Y.*, No. 10 Civ. 4107, 2011 U.S. App. LEXIS 25109 (2d Cir. Dec. 19, 2011); *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 718-19 (2d Cir. 1993), *citing Montana v. United States*, 440 U.S. 147, 153 (1979). The Court of Appeals recently examined the doctrines of issue preclusion (collateral estoppel) and claim preclusion (*res judicata*):

> The preclusive effect of a [federal court] judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' The doctrine of *res judicata* precludes a party from asserting a claim in subsequent litigation if: '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.

*Bey*, 2011 U.S. App. LEXIS 25109, at *9, *quoting Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, Plaintiff has copied and pasted his and his wife's claims from the Bronzini I action into the Amended Complaint and has unequivocally asked this Court to review "Plaintiff's 2008 . . . case" *de novo*. *See* Plaintiff's Opp. Br. at 51.[3] It is undisputed that the district court's 2009

---

[3] As demonstrated in Classic's moving papers (at 6-9), and as Plaintiff concedes, with the exception of claims arising after the 2009 Decision, which are not the subject of the present motion, Plaintiff's claims relating to employment actions which occurred between 2004 through December 2008 are *identical* to the claims that were raised and adjudicated on the merits by both the district court and Court of Appeals in Bronzini I. *See* Plaintiff's Opp. Br. at 6-7 (acknowledging that Plaintiff's "then" discrimination and retaliation claims between 2004 through January 2009 are found in Plaintiff's Amended Complaint at paragraphs 1-31). The only new allegations asserted

Decision granting summary judgment and dismissing *both* Plaintiff's and his wife's claims for discrimination and retaliation, which was unanimously affirmed by the Court of Appeals, was a final judgment on the merits, by courts of competent jurisdiction, concerning the same parties at issue in the instant action, and involving the same nucleus of operative facts as Bronzini I. Consequently, Plaintiff's claims that arose prior to January 2009 are barred as a matter of law. *See Bey,* 2011 U.S. App. LEXIS 25109 (affirming district court's application of the doctrine of *res judicata* dismissing the complaint because the underlying facts asserted in the subsequent action were not only related but were the same as the prior action); *Gaind v. Pierot,* 282 F. App'x 946 (2d Cir. 2008) (affirming district court's dismissal of plaintiff's 2004 action where the record demonstrated that plaintiff's 2004 action was "virtually identical" to her 1999 complaint with regard to the causes of action brought, the supporting facts alleged, and the defendants being sued); *Batyreva v. N.Y. City Dep't of Educ.,* No. 07 Civ 4544, 2008 WL 4344583, at *10 (S.D.N.Y. Sept. 18, 2008); *Wash. v. United States Tennis Assoc.,* 290 F. Supp. 2d 323, 326-27 (E.D.N.Y. 2003).

Plaintiff is not given a free pass to re-litigate these same issues because he is a *pro se* litigant. As the Court of Appeals recently held in *Bey*, a party's status as *pro se* litigant "does not propel them over the *res judicata* hurdle; this Court has held that *res judicata* applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey,* 2011 U.S. App. LEXIS 25109, at *12, citing Cieszkowska v. Grayl Line N.Y.,* 295 F.3d 204, 205-06 (2d Cir. 2002); *see also Buford v. Coombe,* 1999 U.S. App. LEXIS 25493, at *3-4 (2d Cir. Oct. 8, 1999); *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury,* 270 F. App'x 52, 53-54 (2d Cir. 2008); *Koo v. Dep't of Bldgs. of City of N.Y.,* No. 06

---

by Plaintiff in the present action can be found beginning at page 58 of the Amended Complaint at paragraphs 34 through 55. *See* Amended Complaint at 58-71; *see also* Plaintiff's Opp. Br. at 6-7.

Civ. 2454, 2007 WL 643324, at *1-2 (2d Cir. Feb. 28, 2007); *Yaohua Deng v. Aramark Educ. Group, Inc.*, No. 06 Civ. 1733, 2007 WL 3231104, at *1 (2d Cir. Nov. 2, 2007).

Finally, we respectfully request that in the event this Court grants Classic's motion to dismiss Plaintiff's claims that arose prior to the 2009 Decision, that the Court also issue an order barring Plaintiff from filing any civil lawsuit in a court of the United States against Classic involving the same facts and claims currently before this Court, without first obtaining leave of such court, since such claims are not only frivolous but are an undue and unnecessary burden and expense to both the Court and Classic. The Second Circuit has long recognized the authority of the federal courts to control the behavior of litigants who have "a history of filing 'vexatious, harassing or duplicative lawsuits'" through "restrictions on future access to the judicial system." *Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005), *quoting Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *see also In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993).

## CONCLUSION

Accordingly, Classic respectfully submits that this Court should dismiss any of Plaintiff's claims that precede the 2009 Decision as a matter of law, and should award Classic such other and further relief as is just and proper.

Date:   New York, New York
        March 26, 2012

                                            TANNENBAUM HELPERN SYRACUSE
                                            & HIRSCHTRITT LLP

                                            By: _____
                                                Andrew W. Singer
                                                Maryann C. Stallone
                                          900 Third Avenue
                                          New York, New York 10022
                                          (212) 508-6700
                                          *Attorneys for Defendant Classic Security, LLC*