```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
EIMONT BRONZINI,                     :
                                     :
                        Plaintiff,   :    11 Civ. 2096 (KBF)
                                     :
            -v-                      :    MEMORANDUM DECISION
                                     :         & ORDER
CLASSIC SECURITY, LLC,               :
                                     :
                        Defendant.   :
                                     :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-2-12

KATHERINE B. FORREST, District Judge:

In this action, *pro se* plaintiff Eimont Bronzini ("Bronzini" or "plaintiff") alleges that he was discriminated and retaliated against by his former employer, Classic Security, LLC ("Classic Security" or "defendant"), on the basis of his race (Caucasian), national origin (Lithuanian), and age (53 years old) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621, *et seq.*, (the "ADEA"). Before the Court is defendant's motion to dismiss the allegations contained in paragraphs 1 through 34 of the amended complaint as barred by the doctrines of collateral estoppel and *res judicata*. (Def.'s

Mem. at 2 n.3.) For the reasons set forth below, defendant's motion is GRANTED in part and DENIED in part.

BACKGROUND

I. Bronzini I

Plaintiff and his wife, Lolita Bronzini, brought two actions in this District in December 2007 and January 2008, which were subsequently consolidated, captioned Bronzini v. Classic Security LLC, Docket Nos. 07 Civ. 11104, 08 Civ. 0475 (collectively, "Bronzini I").[1] In Bronzini I, plaintiff asserted that Classic Security discriminated and retaliated against him, inter alia, on the basis of his race, national origin, and age in violation of Title VII, the ADEA and New York State and City law. Bronzini v. Classic Security LLC, Nos. 07 Civ. 11104, 08 Civ. 475, 2009 WL 102140, at *1 (S.D.N.Y. Jan. 15, 2009). Specifically, plaintiff alleged that, from approximately 2004 through 2008, Classic Security did not provide him with work assignments, failed to pay him at a rate of a Fire Safety Director ("FSD"), did not allow him to take breaks at work and withheld money from his paychecks. Id. Plaintiff also alleged that Classic Security retaliated against him (after he sent a letter to his Union regarding the discrimination

---

[1] The Court takes judicial notice of--and may consider on this motion-- materials in the record in Bronzini I. See e.g., Scherer v. Equitable Life Assurance Soc'y of U.S., No. 01 Civ. 10193, 2004 WL 2101932, at *6 (S.D.N.Y. Sept. 21, 2004).

2

and filed charges with the Equal Employment Opportunity Commission (the "EEOC")) by removing him from certain work shifts, cancelling two onsite FSD examinations and organizing a police raid against him and his wife. (See Bronzini I Compl. (Singer Aff. Ex. 4).)

Following discovery, Classic Security moved for summary judgment on November 7, 2008. On January 15, 2009, the district court granted summary judgment. Bronzini, 2009 WL 102140, at *9. As to plaintiff's claims of discrimination, the court found that no adverse employment action had occurred under circumstances giving rise to an inference of discriminatory intent and, even if Bronzini was able to put forth a *prima facie* case of discrimination, Classic Security provided legitimate non-discriminatory reasons for its actions and plaintiff was unable to show such reasons were pretextual. Id. at *5. Although it did not address plaintiff's allegations regarding a police raid, the court granted Classic Security's summary judgment as to plaintiff's other retaliation claims for the same reasons it dismissed plaintiff's discrimination claims. Id. at *9.

Plaintiff and his wife appealed the district court's decision to the Court of Appeals for the Second Circuit. The Second Circuit affirmed the district court's ruling,

finding that, "plaintiffs failed to adduce evidence that would permit a reasonable factfinder to conclude that defendant's non-discriminatory, legitimate business reasons for the challenged employment actions were a pretext for discrimination." Bronzini v. Classic Security LLC, 371 F. App'x 196, 197 (2d Cir. 2010) (summary order).

II. Bronzini II

Parts of the first 22 paragraphs and paragraphs 31 through 34 of plaintiff's amended complaint in Bronzini II contain allegations identical to those pursued by plaintiff in Bronzini I.[2] In fact, plaintiff appears to ask this Court to revisit Judge Baer's opinion in Bronzini I, stating that "[a]ll Judge Harold Baer's actions shall be considered as an act of injustice and violation of the Rule 56 (C) [sic]." (Pl.'s Opp. at 3; see also Am. Compl. ¶ 33 (Judge [Baer] did not consider any of the Plaintiffs' provided 204 sufficient documental evidences as Exhibits [sic].").)

---

[2] See e.g., compare Am. Compl. ¶ 12 ("Jessamy fired/cut both E. and L. Bronzini from their permanent 40 hours [sic].") with Bronzini, 2009 WL 102140, at *5 ("Mr. Bronzini alleges that, because he is a 'white foreigner' . . . he was removed from his permanent assignments in 2007); compare Am. Compl. ¶ 14 ("Since January 11th, 2007 to June 2007, (6 month period) . . . Classic . . . stole[] and returned back pay with big delay [sic]") with Bronzini, 2009 WL 102140, at *5 ("Mr. Bronzini alleges that . . . portions of his salary were withheld."); compare Am. Compl. ¶ 18 ("Classic's raise was . . . not REAL FSD salary . . . pay rate [was] $16.00 p/h for all five(5) [FSDs], mostly African-Americans [sic].") with Bronzini, 2009 WL 102140, at *5 ("Mr. Bronzini alleges that . . . he receives lower salary than African American FSDs.").

4

In addition to these allegations, plaintiff alleges that Classic Security, at various times from 2008 through 2011, did not provide him with an FSD work site, paid him less than other FSD employees, and refused to give him an FSD on-site exam. (Am. Compl. ¶¶ 35-55.) Plaintiff also claims that he was retaliated against as a result of filing a charge with the EEOC in 2010. (Am. Compl. ¶ 38.) Defendant Classic Security has not moved to dismiss these claims. (Def.'s Mem. at 2 n.3.)

DISCUSSION

I. Legal Standard

On a motion to dismiss a complaint under Rule 12(b)(6), the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Gonzalez v. Caballero, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008). See also Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).

Despite the well-established rule in this Circuit that *pro se* complaints are to be liberally construed and interpreted to raise "the strongest arguments they suggest," see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), a *pro se* plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face. See Hill

5

v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011); Okoh v. Sullivan, No. 11-1303-cv, 2011 U.S. App. LEXIS 25117, at *2-3, 2011 WL 6318226 (2d Cir. Dec. 19, 2011) (summary order). This must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation;" a claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

II. Collateral Estoppel

"Under federal law, collateral estoppel[, or issue preclusion,] applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."³ Prudy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003) (footnote and internal quotation marks omitted).

Plaintiff here raises, in part, the identical issues that were raised in his earlier lawsuit. (Compare Am.

---

³ "It is well established that federal law on collateral estoppel applies to determine the preclusive effect of a prior federal judgment." Purdy, 337 F.3d at 258 n.5.

6

Compl. ¶¶ 1-22, 28, 31-34 with Bronzini I Compl. (Singer Aff. Ex. 4) and Bronzini, 2009 WL 102140, at *1.) The issues previously raised (with the exception of one, discussed further below) were actually litigated and decided on a motion for summary judgment by a court in this District. See Amadsau v. Bronx Lebanon Hosp. Ctr., No. 03 Civ. 6450, 2005 WL 121746, at *6 (S.D.N.Y. Jan. 21, 2005) (summary judgment is a decision on the merits for purposes of the collateral estoppel doctrine) adopted by Amadsau v. Rosenberg, No. 03 Civ. 6450, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005). Plaintiff had a full and fair opportunity to litigate these issues in Bronzini I, both at district and appellate court levels. In this District, the parties conducted discovery and plaintiff's claims were dismissed after summary judgment briefing. See Schultz v. Tribune ND, Inc., No. 10 Civ. 2652, 2011 WL 4344168, at *8 (E.D.N.Y. Sept. 14, 2011) ("Plaintiff . . . had a full and fair opportunity to litigate the issue, given that his claim was dismissed only on summary judgment after the parties had engaged in discovery."). The Second Circuit, as well, conducted an "independent review of the record" on appeal. See Bronzini, 371 F. App'x at 197. Finally, the issues were necessary to support a valid and final judgment on the merits, as they were the basis of the court's

7

opinion in Bronzini I. See Bronzini, 2009 WL 102140, at *1.

Thus, collateral estoppel precludes plaintiff from relitigating the issues raised in Bronzini I--i.e., whether defendant's failure to "provide him with work assignments, fail[ure] to pay him at the pay rate of a [FSD], mistakes in his paychecks and [failure to] provide him with breaks [from work]" constitute discrimination and retaliation on the basis of race, nationality and age. See Bronzini, 2009 WL 102140, at *1.

Though, there are limits to the application of collateral estoppel as it is applied here. Defendant requests this Court to preclude plaintiff from litigating any issues which arose prior to the district court's decision in Bronzini I. (See Def.'s Mem. at 2.) That is too broad for the collateral estoppel doctrine, which precludes plaintiff from raising only identical issues raised in the previous proceeding (i.e., not issues that existed prior to the court's decision). Moreover, even where the issues may be the same as those raised in the prior case, the collateral estoppel doctrine will not apply where there have been "changes in facts essential to a judgment." Montana v. U.S., 440 U.S. 147, 159, 99 S. Ct. 970, 977 (1979). As a consequence, any issues that arose

after plaintiff submitted his amended complaint, dated March 10, 2008, in Bronzini I and predicated on distinct essential facts are not barred by the collateral estoppel doctrine. Based on plaintiff's amended complaint, which this Court liberally construes, and the decisions in Bronzini I, it is clear that plaintiff is attempting to relitigate issues--in paragraphs 1 through 22, 28 and 31 through 34--that have already been decided in Bronzini I. The allegations contained in these paragraphs are consequently barred by collateral estoppel and DISMISSED with prejudice.

III.  *Res Judicata*

"Under the doctrine of *res judicata*, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Overview Books, LLC v. United States, 438 F. App'x. 31, 33 (2d Cir. 2011) (summary order). "*Res Judicata* will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Id. (internal quotation marks omitted). "[I]n considering whether claims asserted in a subsequent suit were, or could

9

have been, raised in a prior proceeding, courts look to whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC, 742 F. Supp. 2d 446, 454 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing Monahan v. New York City Dep't of Corr., 214 F.3d 275, 289 (2d Cir. 2010)).

The *res judicata* doctrine applies here. Bronzini I resulted in a judgment on the merits (with the exception of one claim, as discussed below). See Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 714-15 (2d Cir. 1997) (finding the grant of summary judgment in favor a defendant dismissal on the merits for purposes of *res judicata*). The judgment was granted by a court in this District and affirmed by the Court of Appeals for the Second Circuit. The same parties that litigated Bronzini I--*i.e.*, Bronzini and Classic Security--are the parties litigating this action. And, finally, the same causes of action, based upon the same facts and transactions, are involved in both Bronzini I and Bronzini II. (Compare Am. Compl. ¶¶ 1-22, 23, 26, 28, 31-34 with Bronzini I Compl. (Singer Aff. Ex. 4) and Bronzini, 2009 WL 102140, at *1.)

However, *res judicata* "does not preclude litigation of events arising after the filing of the [amended] complaint that formed the basis of the first lawsuit." Male v. Tops Mkts., LLC, 354 F. App'x 514, 515 (2d Cir. 2009). Therefore, to the extent that plaintiff brings claims arising out of transactions that occurred after he filed his amended complaint in Bronzini I, these claims are not barred. Accordingly, the claims in paragraphs 1 through 22 and 23, 26, 28 and 31 through 34 are barred by the *res judicata* doctrine and DISMISSED with prejudice.

IV. Failure to State a Claim

The collateral estoppel and *res judicata* doctrines do not bar plaintiff's attempts to relitigate one issue/claim: that Classic Security, in collusion with the New York City Police Department, arranged a brutal assault by the police against plaintiff and his wife in retaliation for filing lawsuits alleging discrimination. (See Am. Compl. ¶ 22.) The court in Bronzini I did not address plaintiff's allegation and it therefore cannot be barred by the collateral estoppel and *res judicata* doctrines. See e.g., Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners, No. 11 Civ. 7511, 2012 WL 698134, at *8 (S.D.N.Y. Mar. 5, 2012). Still, the Court dismisses this allegation for failing to state a claim upon which relief may be granted.

11

On a motion to dismiss, an "employment discrimination plaintiff need not plead a prima facie case of discrimination" pursuant to McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). Rather, as long as the complaint gives the defendant "fair notice" of the plaintiff's claim, "the grounds upon which it rests" and "indicate[s] the possibility of discrimination and thus present[s] a plausible claim for disparate treatment," the complaint satisfies Federal Rule of Civil Procedure 8(a) and may not be dismissed for failure to state a cause of action. Boykin v. KeyCorp, 521 F.3d 202, 214-16 (2d Cir. 2008).

Here, plaintiff's allegation related to a supposed police raid organized by Classic Security does not meet this standard. While it may give defendant notice of what plaintiff's claim is, plaintiff does not provide "the grounds upon which it rests." See Swierkiewics, 534 U.S. at 512. Bronzini's conclusory allegations related to a police assault orchestrated by defendant (contained in paragraph 22) are therefore DISMISSED without prejudice to replead.

CONCLUSION

The allegations contained in paragraphs 1 through 21, 23, 26, 28, and 31 through 34 are DISMISSED with prejudice.

12

The allegation contained in paragraph 22 related to a police raid is DISMISSED without prejudice. Construed liberally, plaintiff's allegations in paragraphs 24, 25, 27 and 29 are not, based on the face of the amended complaint and the decisions in Bronzini I, barred by collateral estoppel and/or *res judicata*. The Court awaits further development of the facts with regard to the allegations contained in these paragraphs.

In addition, plaintiff is warned--and on notice--that further duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions *in forma pauperis* without prior permission. See 28 U.S.C. § 1651; see also Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (requiring that a litigant be given notice and an opportunity to be heard before a district court imposes an injuction against further filings).

The parties are directed to appear for a conference on June 22, 2012, at 9:00 a.m.

The Clerk of the Court is directed to terminate the motion at Docket No. 18 and mail this Memorandum Decision and Order to plaintiff at 2251 81st Street, #C-1, Brooklyn, New York 11214.

SO ORDERED.

Dated:   New York, New York
         May 2, 2012

                              /s/ K. B. Forrest
                              _____
                              KATHERINE B. FORREST
                              United States District Judge