UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

EIMONT BRONZINI,                                    :

                   Plaintiff,                   :        11 CIV. 2096 (KBF)

               - against -                 :        **ANSWER**

CLASSIC SECURITY, LLC,                              :

                 Defendant.                   :

------------------------------------------------------------ x

Defendant Classic Security LLC ("Defendant" or "Classic"), by its attorneys Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Answer to Eimont Bronzini's ("Plaintiff") Amended Complaint, dated August 24, 2011 (the "Amended Complaint") herein alleges, to the remaining allegations in the Amended Complaint not dismissed by the Court's Memorandum Decision and Order, dated May 2, 2012 ("May 2 Decision"), as follows[1]:

    1.      Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

    2.      Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 relating to Plaintiff passing the FDNY written exam for a third time on July 28, 2008 and obtaining a third FSD Certificate of Completion Z-50.

    3.      Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

---

[1] To the extent a response is required to the first three pages of the Amended Complaint that precede the 71 pages of allegations submitted by Plaintiff, Defendant denies the allegations contained therein.

4.      Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

5.      Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 relating to Plaintiff passing the FDNY written exam for a fourth time on July 15, 2009 and obtaining a fourth FSD Certificate of Completion Z-50.

6.      Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

7.      Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint, except to the extent it admits that on April 6, 2010 the U.S. Court of Appeals for the Second Circuit affirmed Judge Harold Baer's decision dismissing Plaintiff's and Lolita Bronzini's complaints.

8.      Defendant admits the allegations contained in Paragraph 38 of the Amended Complaint to the extent that Plaintiff filed a second charge of discrimination with the EEOC, dated June 29, 2010 ("Charge of Discrimination"). To the extent Plaintiff seeks to incorporate the allegations contained in the Charge of Discrimination at pages 60 through 62 of the Amended Complaint, Defendant denies those allegations and further states that many of the claims contained therein were nevertheless dismissed by this Court's May 2 Decision.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint relating to Lolita Bronzini's decision not to file a charge of discrimination with the EEOC in 2010. Defendant denies the remaining allegations contained in Paragraph 39 of the Amended Complaint that were

not already dismissed by this Court's May 2 Decision.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint relating to Plaintiff passing the FDNY written exam for a fifth time on July 13, 2010 and obtaining a fifth FSD Certificate of Completion Z-50.   Defendant denies the remaining allegations contained in Paragraph 40 of the Amended Complaint.

11.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

12.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint, except to the extent it admits that on January 28, 2011, Plaintiff signed a Letter of Acceptance, which provided that he would receive $14.55 per hour starting on January 31, 2011 for his assignment at the 80 Broad Street work site.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 relating to Plaintiff's reasoning or motive for signing the Letter of Acceptance or relating to the time that remained on Plaintiff's purported fifth FSD Certificate of Completion Z-50.

13.     Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint, except to the extent it admits that on January 31, 2011, Plaintiff sent an email to Classic's Director of Operations, Roderick Jessamy, requesting that an on-site exam be scheduled for Plaintiff at the 80 Broad Street site, where he was assigned to work as of January 31, 2011.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 relating to the time remaining to Plaintiff to take the FSD on-site exam.

14.     Defendant denies the allegations contained in Paragraph 44 of the Amended

Complaint.

15.     Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint, except to the extent that it admits that Plaintiff was terminated on February 11, 2011.

16.     Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 relating to Plaintiff's unemployment or financial troubles after his termination from Defendant.

17.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47.

18.     Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint, except to the extent it admits that the EEOC issued a Notice of Right to Sue to Plaintiff on March 11, 2011.

19.     Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

20.     Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 relating to Lolita Bronzini's visit to the FDNY Hi-Rise Unit on February 17, 2011 and receipt of a letter from the FDNY's Deputy Director of Public Certification.

21.     Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 relating to Lolita Bronzini's receipt of a Certificate of Completion for Fire Safety Director Z-50 from FDNY on April 12, 2011.

22.     Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint, except to the extent it admits that Lolita Bronzini was employed by Classic since December 2, 2004, that Ms. Bronzini met with Mr. Roderick Jessamy on May 19, 2011 to discuss the possibility of a FSD position for Ms. Bronzini at the 1140 6th Avenue building, and that Ms. Bronzini signed a Letter of Acceptance on May 19, 2011 and agreed to accept $13 per hour for work as FSD trainee at the 1140 6th Avenue building, until she passed the FDNY on-site exam for that particular building.

23.     Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint, except to the extent it admits that Lolita Bronzini's first day in a FSD trainee position at the 1140 6th Avenue building was on May 23, 2011.

24.     Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint, except to the extent it admits that on May 25, 2011, Mr. Jessamy confirmed with Ms. Bronzini that her FDNY FSD on-site exam was scheduled for September 28, 2011 and that Ms. Bronzin was paid $13 per hour from May 23, 2011 through September 28, 2011 for her work as a FSD trainee at the 1140 6th Avenue.

25.     Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint, except to the extent it denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 relating to Plaintiff's new employer or the allegations that he passed his first on-site exam on June 28, 2011.  To the extent the remaining allegations in paragraph of Paragraph 55 state legal conclusions, no response is required.  To the extent a response is required, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

26.     The Amended Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

27.     Without admitting any of the allegations contained in the Amended Complaint, any job-related actions or any decisions that may have been made by Defendant with respect to Plaintiff, including without limitation his removal or transfer from a particular work site or Plaintiff's ultimate termination by Defendant, were based upon legitimate business reasons and were not due to Plaintiff's age, race, color, or national origin.

## THIRD AFFIRMATIVE DEFENSE

28.     Without admitting any of the allegations contained in the Amended Complaint, any job-related actions or decisions that may have been made by Defendant with respect to Ms. Lolita Bronzini, Plaintiff's wife, were based upon legitimate business reasons and were not due to Plaintiff's age, race, color, or national origin.

## FOURTH AFFIRMATIVE DEFENSE

29.     The Amended Complaint is barred, in whole or in part, by the relevant statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims of discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, predicated upon events which occurred 300 days preceding the date Plaintiff filed the Charge of Discrimination are time-barred.

## SIXTH AFFIRMATIVE DEFENSE

31.     Plaintiff's claims of retaliation predicated upon events which occurred 300 days

preceding the date Plaintiff filed the Charge of Discrimination are time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

32.     The allegations in the Amended Complaint are confusing and sometimes unintelligible and therefore fail to properly plead causes of action in accordance with the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims on behalf of himself and his wife, Lolita Bronzini, are barred in part by the doctrines of collateral estoppel and res judicata.

## NINTH AFFIRMATIVE DEFENSE

34.     Plaintiff was terminated for cause by Defendant.

## TENTH AFFIRMATIVE DEFENSE

35.     Plaintiff asserts for the first time in the Amended Complaint claims of discrimination and retaliation which arose after the filing of his June 29, 2010 Charge of Discrimination with the EEOC.  Plaintiff failed to amend the EEOC Charge to include these allegations.

36.     Plaintiff's allegations of discrimination and retaliation that were not addressed in the Charge of Discrimination, dated June 29, 2010, and are alleged for the first time in the Amended Complaint are barred since they fall outside the reasonable scope of the EEOC's investigation, and due to Plaintiff's failure to exhaust the necessary administrative remedies.

**WHEREFORE**, for all the foregoing reasons, Defendant respectfully requests a judgment dismissing the Amended Complaint in this action and for such other and further relief, which as to this Court seems just and proper.

Date:   New York, New York
        May 14, 2012

                                       TANNENBAUM HELPERN SYRACUSE
                                       & HIRSCHTRITT LLP

                                       By:_____
                                              Andrew W. Singer
                                              Maryann C. Stallone
                                       900 Third Avenue
                                       New York, New York 10022
                                       (212) 508-6700
                                       *Attorneys for Defendant Classic Security, LLC*

**TO:**   Eimont Bronzini
          2251 81st Street Apt. C-1
          Brooklyn, New York 11214
          (718) 490-3725