**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

Andrew W. Singer
Direct Dial: (212) 508-6723
E-mail: singer@thsh.com

September 28, 2012

**BY FEDEX AND EMAIL**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 745
New York, N.Y. 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 01 2012
```

Re:  *Eimont Bronzini v. Classic Security LLC*,
Docket No. 11 Civ. 2096

Dear Judge Forrest:

We are the attorneys for defendant Classic Security LLC ("Classic") in the above-referenced action. We write with regard to plaintiff's Motion to Compel Discovery, dated September 26, 2012. We respectfully submit that plaintiff's motion should be denied for several reasons.

As an initial matter, plaintiff's motion should be denied because plaintiff has failed to comply with Rule 2F of this Court's Individual Practices and Local Civil Rule 37.2 governing discovery disputes. Plaintiff failed to submit a letter to this Court describing the nature of the discovery dispute prior to filing his motion, and also made *no effort whatsoever* to meet and confer with Classic with regard to the documents he contends Classic is required to produce and allegedly failed to produce. Contrary to plaintiff's representations in his affidavit accompanying his motion to compel -- other than making the bald statement during his deposition that Classic produced nothing in response to his discovery demands, which as discussed below is far from the truth -- plaintiff never attempted to confer with Classic in good faith either before or after his deposition on September 18, 2012 or at any time thereafter. I specifically asked plaintiff after his deposition either to call us or to identify in writing what documents he believed we had in our possession and had not produced, but plaintiff did neither prior to filing his baseless motion.

Plaintiff's motion to compel also should be denied because it lacks merit. Contrary to plaintiff's accusation that "Defendant disagreed to provide initial disclosures", Classic served plaintiff with its Initial Disclosures on July 20, 2012 (a copy is annexed hereto). On or about August 15, 2012, plaintiff served Classic with Plaintiff's First Request for Production of Documents and Interrogatories (the "Requests"). On September 14, 2012, we served Classic's

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

Hon. Katherine B. Forrest
Page 2

responses and objections to the Requests and produced over 300 documents. Yesterday, prior to learning about plaintiff's motion, we also supplemented Classic's responses and produced an additional 300 documents in response to the Requests.

We would be happy to discuss these issues with the Court. However, for the foregoing reasons, we do not believe motion practice is necessary.

Respectfully submitted,

Andrew W. Singer

cc: Eimont Bronzini (via FedEx)

Ordered
---

The parties are to meet and confer in good faith regarding the plaintiff's discovery disputes. The motion to compel is denied with leave to renew following such meet and confer.

10/1/12

K. B. Forrest
USDJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
EIMONT BRONZINI

              Plaintiff,

      - against -

CLASSIC SECURITY LLC,

              Defendant.

------------------------------------------------------------- x

Civil Action No. 11 CIV. 2096 (KBF)

**DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)**

PURSUANT to Rule 26(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Classic Security LLC ("Defendant"), by its attorneys Tannenbaum Helpern Syracuse & Hirschtritt LLP, make the following initial disclosures:

**A.  Witnesses**

The name and, if known, the address and telephone number of each individual now known to Defendant to be likely to have discoverable information concerning the claims raised by plaintiff in the above-entitled action (the "Action") that Defendant may use to support their claims or defenses, unless solely for impeachment, and the subjects of the information possessed by each, are as follows:

| Individual | Subjects |
|---|---|
| Roderick Jessamy<br>Director of Operations<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Job responsibilities of employees, employee compensation, complaints from building managers and employees regarding Plaintiff, employee scheduling, company policies, and the decision to terminate Plaintiff. |
| Drew Marsenison<br>Human Resources Manager<br>Alliance Building Services<br>70 West 36th Street<br>New York, NY 10018 | Job responsibilities of employees, employee compensation, complaints from building managers and employees regarding Plaintiff, employee scheduling, company policies, and the decision to terminate Plaintiff. |
| Robert Abreu<br>Executive Vice President | Job responsibilities of employees, employee compensation, complaints from building managers and |

1

| Individual | Subjects |
|---|---|
| Alliance Building Services<br>70 West 36th Street<br>New York, NY 10018 | employees about Plaintiff, employee scheduling, company policies, and the decision to terminate Plaintiff. |
| Mr. Robert Savage<br>Vice President of Human Resources<br>Alliance Building Services<br>70 West 36th Street<br>New York, NY 10018 | Company policies and human resources issues; job responsibilities of employees, complaints from building managers and employees regarding Plaintiff, and the decision to terminate Plaintiff. |
| Ms. Anne D. Fahy<br>Executive Vice President<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Job responsibilities of employees, employee compensation, complaints from building managers and employees regarding Plaintiff, employee scheduling, company policies, and the decision to terminate Plaintiff. |
| Jeremiah Berkley<br>Scheduling Manager<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Employee scheduling, company policies, and complaints from building managers and employees regarding Plaintiff. |
| Will Darius<br>Dispatcher<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Employee scheduling, and complaints from building managers and employees regarding Plaintiff. |
| Andrea M. Mesis-Bruno<br>Account Executive<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Job responsibilities of employees, complaints from building managers and employees regarding Plaintiff, employee scheduling, company policies and the decision to terminate Plaintiff. |
| John Dobbins<br>Field Supervisor<br>Alliance Building Services<br>70 West 36th Street<br>New York, NY 10018 | Command discipline of employees and employee complaints. |
| Kyle Bunce<br>Field Supervisor<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Command discipline of employees and complaints from building managers and tenants regarding Plaintiff. |
| Amable Arias<br>Field Supervisor<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Command discipline of employees, employee scheduling, and complaints from building managers regarding Plaintiff. |
| Agnes Foster<br>Classic Security Guard | Employee complaints regarding Plaintiff. |

| Individual | Subjects |
|---|---|
| Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | |
| Kimberly Danza<br>Classic Security Guard<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Employee complaints regarding Plaintiff |
| Maria Rivera<br>Classic Security Guard<br>Classic Security LLC<br>70 West 36th Street<br>New York, NY 10018 | Employee complaints regarding Plaintiff. |
| Jon Auer<br>Chief Engineer<br>Swig Equities, LLC<br>80 Broad Street<br>New York, New York 10004 | Building engineer's requests and complaints regarding Plaintiff, and the decision to remove Plaintiff from his work assignment at 80 Broad Street building. |
| Norman Zeller<br>Senior Vice President- Director of Property Management<br>Swig Equities, LLC<br>80 Broad Street<br>New York, New York 10004 | Building manager's requests and complaints regarding Plaintiff, and the decision to remove Plaintiff from his work assignment at 80 Broad Street building. |
| Ms. Lolita Bronzini<br>2251 81st Street Apt. C-1<br>Brooklyn, New York 11214 | Employee assignments, transfers, compensation and any alleged retaliation or discrimination by Defendant. |

Defendant reserves the right to supplement the above response in the event further individuals likely to have discoverable information come to Defendant's attention.

**B.   Documents**

A description, by category and location, of all documents, data compilations and tangible things in Defendant's possession, custody or control concerning the claims raised by plaintiff in the action is as follows:

| Category | Location |
|---|---|
| Business records of Defendant. | Defendant's possession, custody and control. |
| Personnel files for Plaintiff and Ms. Lolita | Defendant's possession, custody and control. |

| | |
|---|---|
| Bronzini. | |
| Documents reflecting employee assignments, transfers and compensation. | Defendant's possession, custody and control. |
| Documents regarding Plaintiff's termination by Defendant. | Defendant's possession, custody and control. |
| Documents concerning building policies governing security officers. | Defendant's possession, custody and control. |
| Documents reflecting command disciplines for Plaintiff. | Defendant's possession, custody and control. |
| Documents reflecting customer and employee complaints regarding Plaintiff. | Defendant's possession, custody and control. |

**C.   Damages**

Not applicable.

**D.   Insurance Agreement**

Not applicable.

Dated: New York, New York
July 20, 2012

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Andrew W. Singer
Maryann C. Stallone
*Attorneys for Defendant Classic Security LLC*
900 Third Avenue
New York, New York 10022
(212) 508-6700

TO:

Eimont Bronzini
2251 81st Street Apt. C-1
Brooklyn, New York 11214

4

## AFFIDAVIT OF SERVICE BY U.S. REGULAR MAIL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

**Gail Burwa**, being duly sworn, deposes and says:

I am not a party to this action, am over eighteen years of age, and reside in Whiting, New Jersey.

On July 20, 2012, I served via U.S. regular mail a true & correct copy of the **DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a) dated 7/20/12** by depositing the true and correct copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to Eimont Bronzini, 2251 81st Street, Apt. C-1, Brooklyn, New York 11214.

Dated: New York, New York
July 20, 2012

Gail Burwa
Tannenbaum Helpern Syracuse Hirschtritt LLP
900 Third Avenue
New York, New York 10022
(212) 508-6772

Sworn to before me this
20th day of July, 2012

Notary Public

ZEV F. RABEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RA6233901
QUALIFIED IN KING COUNTY
COMMISSION EXPIRES 01/18/2015

[964746-1]