UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                        :

EIMONT BRONZINI,                   :

                                        :

                       Plaintiff,     :      11 Civ. 2096 (KBF)

                                          :

               -v-                :          ORDER

                                          :

CLASSIC SECURITY, LLC,           :

                                        :

                     Defendant.   :

                                        :
----------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 1 2012

KATHERINE B. FORREST, District Judge:

On May 18, 2012, pro se plaintiff Eimont Bronzini

("plaintiff") filed a motion for recusal.  On June 22, 2012,

this Court denied that motion because:

> Plaintiff has set forth no facts that come close to
> suggesting that this Court had a personal bias or
> prejudice against him.  Plaintiff is using the motion
> to disqualify as an outlet for him to voice his
> displeasure with the Court's May 2, 2012, decision to
> grant defendant's partial motion to dismiss.  That is
> not a sufficient basis for disqualification.  See
> Crawford-Bey v. New York Presbyterian Hosp., No. 08
> Civ. 5454, 2010 WL 3156073, at *2 (S.D.N.Y. Aug. 10,
> 2010) (citing Liteky v. United States, 510 U.S. 540,
> 555, 114 S. Ct. 1147, 1157 (1994)).

(Mem. Decision & Order, ECF No. 32.)  On August 2, 2012,

plaintiff submitted another application requesting the Court to

disqualify itself, this time relying on Canon 3(C) of the Code

of Judicial Conduct.[1]

---

[1] It is not obvious from plaintiff's application whether he moves to
disqualify the Court from the case or whether he moves to disqualify me from
working as a federal judge, presumably through impeachment.  The Court

Plaintiff's application is frivolous.  As discussed previously in this Court's June 22, 2012, Order, displeasure with this Court's prior rulings is not a basis for recusal or disqualification.  See, e.g., Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009).  While plaintiff has cited the Code of Judicial Conduct for the proposition that a judge with personal bias or a conflicting financial interest must recuse herself, he has not shown any facts that would support such a finding.  As discussed above, an adverse ruling itself is an insufficient basis for recusal.  And nothing in plaintiff's submission supports his assertion that the Court has a financial interest in the subject matter of the action.

Though he is litigating this case pro se, plaintiff is still constrained by Federal Rule of Civil Procedure 11.  That rule requires "an attorney or unrepresented party" to certify, whenever it makes any written submission to the Court, that to the best of his or her knowledge and after a reasonable inquiry, the submission:

> (1) . . . is not being presented for any improper purpose . . . ;
>
> (2) the claims, defense, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ;

---

assumes his application requests the former (and not the latter) relief.  But for purposes of this Order, the exact nature of the relief sought is irrelevant, as in no case would the application have sufficient merit to be granted or be based on sufficiently nonfrivolous legal and factual contentions to satisfy Federal Rule of Civil Procedure 11.

> (3) the <u>factual contentions have evidentiary support</u>, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed R. Civ. P. 11(b) (emphasis added). It further authorizes the Court, after notice and a reasonable opportunity to respond, to sanction "any attorney, law firm, or party" that violates those requirements. <u>Id.</u> 11(c)(1). Rule 11 sanctions may include "nonmonetary directives[,] an order to pay a penalty into court," or under certain circumstances, an order to pay reasonable attorney's fees and expenses to an opposing party.

Plaintiff's application for disqualification violates Rule 11(b)(2) and (b)(3) because of the degree to which it is legally frivolous and factually baseless. Indeed plaintiff's initial motion for recusal may have violated Rule 11, but the Court declined to raise the issue there in recognition of the leniency with which the Court treats <u>pro</u> <u>se</u> litigants. Nevertheless, plaintiff should consider this Order to constitute notice that further violations of Rule 11 will result in sanctions. Accordingly, it is hereby

ORDERED that plaintiff's application for disqualification
is DENIED.


SO ORDERED.

Dated: New York, New York
       September 28, 2012


                                    _____
                                        KATHERINE B. FORREST
                                    United States District Judge

Copies to:

Eimont Bronzini
2251 81st Street, #C-1
Brooklyn, NY 11214

4