TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 THIRD AVENUE
NEW YORK, NEW YORK 10022-4775
(212) 508-6700
FACSIMILE: (212) 371-1084

Maryann C. Stallone
Direct Dial: (212) 508-6741
E-mail: stallone@thsh.com

October 26, 2012

VIA EMAIL & FIRST CLASS MAIL

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 745
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 0 7 2012

Re:   *Eimont Bronzini v. Classic Security LLC,*
      Docket No. 11 Civ. 2096

Dear Judge Forrest:

We represent the defendant Classic Security LLC ("Classic") in the above-referenced action and write in response to the Court's Order, dated October 24, 2012 ("October 24th Order"), instructing the parties to jointly submit a letter to the Court indicating whether they have complied with this Court's October 1, 2012 Order ("October 1 Order"), which directed the parties to "meet and confer in good faith regarding the plaintiff's discovery disputes." I have tried to reach Plaintiff to discuss the October 24th Order to no avail. I therefore set forth below this firm's numerous efforts to meet and confer with Plaintiff in good faith in accordance with this Court's October 1st Order, which have been futile.

On October 2, 2012, I first contacted Plaintiff by telephone in an attempt to meet and confer regarding which requests contained in Plaintiff's First Request for Production of Documents and Interrogatories (the "First Request") he contended that Classic had not adequately responded to. During that call, Plaintiff indicated that he had not yet received Classic's supplemental production that was served by overnight mail on September 27, 2012. Despite having received notice from FEDEX that it had attempted to deliver the package to him, Plaintiff insisted that I re-serve the supplemental production because he did not have time to go to the FEDEX office to retrieve the package. While on the call, however, the FEDEX representative delivered Classic's supplemental production. Plaintiff indicated that he needed time to review the voluminous production and would call me on either Monday or Tuesday of the following week to continue our conversation. I consented to his request.

On October 9, 2012, I received a call from Plaintiff. Rather than attempt to meet and confer in good faith, Plaintiff stated that Classic "had produced nothing" to him. I informed

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
Honorable Katherine B. Forrest
October 26, 2012
Page 2

documents he believed we had not produced. In response, Plaintiff stated "I will write to you." I reminded Plaintiff of the upcoming deadlines set forth in the Scheduling Order and reiterated my request that if he would identify which requests he contended we had not responded to I would look into the matter further. Plaintiff refused to cooperate.

On or about October 16, 2012, rather than identifying in writing which requests in the First Request he sought to compel responses or documents to, Plaintiff served my firm with Plaintiff's Second Request for Production of Documents, dated October 16, 2012 (the "Second Request"), which, for the most part, consisted of new document demands. (A copy of the Second Request is attached hereto as Exhibit A.) In the introductory paragraphs of the Second Request, Plaintiff stated, *inter alia*, that during our telephone call on October 9, 2012, "M. Stallone" became irritated and aggressive because Plaintiff had allegedly stated that this Court and Judge Baer are "pocket judges" who simply accepted and recopied for corruption purposes Classic's lies. (*See* the Second Requests ¶ 4.) Plaintiff further suggested that Classic had fabricated the contents of the 600 plus pages of documents produced calling them "false documents." (*See id.* ¶¶ 5-6.)

Thereafter, on Monday, October 22, 2012, Plaintiff called to inquire whether I had received his production of documents that he had received from the fire department in response to his subpoena as well as his recent document demands. I informed Plaintiff that I had, but was unable to discuss his requests that day and would be able to talk to him the following day. I never heard back from Plaintiff. Therefore, on Thursday, October 24, 2012, I called Plaintiff and left him a voice message in a last attempt to confer with him. Plaintiff has not returned my call.

Yesterday, we served Plaintiff with a letter rejecting the Second Request, which violates this Court's Scheduling Order providing that "[a]ll fact discovery shall close not later than September 28, 2012." (A copy of my letter to Mr. Bronzini is annexed hereto as Exhibit B.)

Based on the foregoing, we respectfully submit that any further attempt to meet and confer with Plaintiff would be futile. We further submit that Classic has fully and diligently responded to Plaintiff's interrogatories and twelve document requests and has produced over 600 pages of responsive documents in its possession, custody and control. As there is simply no merit to Plaintiff's unsubstantiated and wild accusations that Classic has failed to produce responsive documents or has fabricated over 600 pages of responsive documents, we respectfully request that this Court deny Plaintiff's motion to compel or any attempt by Plaintiff to further extend discovery and delay the adjudication of Classic's Motion for Summary Judgment, filed and served on October 22, 2012.

Respectfully submitted,

Maryann C. Stallone

cc: Eimont Bronzini (via First Class Mail)

# EXHIBIT A

ᵣED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

EIMONT BRONZINI,                    :   Civil Action No. 11 Civ. 2096 (KBF)

                 *Plaintiff,*         :

        - v -                  :

                        :

CLASSIC SECURITY, LLC,       :

                  *Defendant.*    :

---------------------------------------------------------X

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION
## OF DOCUMENTS
(5 Pages)

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Eimont Bronzini ("Plaintiff") requests that Defendant Classic Security LLC ("Classic Security") serve upon the Pro Se Plaintiff, separate and complete sworn answers to the following written interrogatories, as well as produce for discovery and inspection, all documents responsive to Plaintiff's Eimont Bronzini's document requests, in accordance with Local Rule 26.3 of the Local Rules of this District, on or before thirty (30) days after the service of these interrogatories and document requests.

    <u>**Second request** for production of documents</u> is following step ,which is as result of :

1. Defendant's intentional refusal to produce all documents requested by Plaintiff in First Request.

2. Defendant's intentional misleading/controversial answers and 100% lies in respond to Interrogatories.

- 1 -

3. Defendant's intentional lies in Classic's official statements that there are no any existing documents responsive to these still remaining (in First Request) exact requests for Production of Documents Requests in the light of officially provided by FDNY documents in response to the Subpoena (Plaintiff provided all 32 numbered pages of Subpoena to Defendant with this Second Request for Production of Documents) in which facts are opposite and controversial to Defendant's /Classic's official statement's/lies about that there are no existing documents.

4. Defendant's lawyer's assistant's M. Stallone's aggressive, threatening tone during phone dispute on Tuesday, 10/09/12 for the purpose of holding in nearest future meeting to discuss/resolve Discovery problems, which became Defendant's smart game in recopying 10-20-30 times the same documents with intention to create visibility of provided 600 pages as allegedly enormous amount of documents (only 20-30 real documents x 20 to 30 times =600 pages) . Defendant's irritation and aggressiveness was caused by allegedly super demanding Plaintiff , even knowingly, by Defendant's thoughts, that Judges such as current 2012 year's Judge K.B.Forrest and previous 2008/2009 year's Judge H.Baer were and still are "pocket judges", who are able in accepting/recopying only 7(seven) Phrases containing 3 to 5 words of intentionally created for corruption purposes only Defendant's lies, which always are leading to the best commercial deals in dismissal (without opening for fair review) of the cases before jury trials starts.

5. Defendant's smart game in Response for Production of Documents in submitting between 600 allegedly "enormous amount " of pages are included numerous of last minute written lies such as Command Disciplines/write-ups (unsigned), miserable/unusual/disastrous facts- sick, shameful fantasies written by loyal staff members under close supervision of African-American Classic's Director of Operation's R.Jessamy, who did not hesitate to use extensive pressure onto his ... /witnesses for creating lies , which should to withstand thousands of admissible documental evidences/proofs of his and of Classic Security committed for the 7+

~ 2 ~

years intentional racial, national origin and age  discrimination and retaliation  acts against Plaintiff and his wife , FSD L.Bronzini.

6. Defendant's  intentional fraud  in submitting false  documents under smart name 'REDACTED'  E-Mails, which were previously numbered by Plaintiff, previously submitted  by Plaintiff  as originals  and  which were in fraudulent ,wanted way changed into opposite  meanings by Defendant and newly renumbered  as big part of 600 pages "ENORMOUS" amount produced  for 'super" demanding Plaintiff.

### Document Request No. 1

Produce as diagrams exact amount of all Classic's Fire Safety Directors, who had/received on–site tests, which African -American Classic Security Director of Operations R.Jessamy scheduled with FDNY, identifying their names; identifying their Race; exact date of their employment in Classic Security; position hired for; hire rate; FSD's pay rate before on-site test; and  FSD's pay rate after passed FSD on-site tests during:

    1. 2006 year, including pay rate of Caucasian FSD E.Bronzini ;

    2. 2007 year  including pay rate of Caucasian FSD E.Bronzini;

    3. 2008 year  including pay rate of Caucasian FSD E.Bronzini;

    4. 2009 year  including pay rate of Caucasian FSD E.Bronzini;

    5. 2010 year including pay rate of Caucasian FSD E.Bronzini.;

    6. 2011year  including pay rate of Caucasian FSD E.Bronzini

### Document Request No. 2.

Produce African-American FSD Ryan Palmer's copy of FSD Certificate of  Completion Z-50.

### Document Request No. 3.

— 3 —

Produce documents reflecting African- American FSD  Ryan Palmer's as S/O starting salary in Classic Security given by African-American Classic Director of  Operations R.Jessamy  and later increased pay rate after passing his the  first FSD on-site test on 10/17/2006 at 23 W 43 street at SL Green building/site.

### Document Request No. 4.

Produce documents reflecting Classic's pay for African-American Ryan Palmer's FSD School Course and Classic's pay for his FDNY written exams .

### Document Request No. 5

Produce documents  reflecting exact amounts of all Security Officers hired by Classic Security  Company During 2006-20011 years,  identified  amounts of their Races :

1. All 2006 year's hired new Security Officers.
2. All 2007 year's hired new Security Officers.
3. All 2008 year's hired new Security Officers.
4. All 2009 year's hired new Security Officers.
5. All 2010 year's hired new Security Officers.
6. All 2011 year's hired new Security Officers.

### Document Request No. 6

Produce all  documents reflecting African- American FSD  Brian Watson's :

!. Starting date and  pay rate  at FSD  position in 2007 year at 320 E 53 street.
2. FSD B.Watson's pay rate  after he passed  his first FSD on-site test at 320 E 53 street site on 9/24/2007.

### Document Request No. 7

Produce all official documents including Command Disciplines/Write-Ups , written Warnings or work Termination  decisions, which  Classic Security Company or African-American Classic's Director of Operations R.Jessamy issued  for African-American FSD B.Watson , who on 4/17/2008 abandoned/left his post  being on  FSD duty at  320 E 53 street residential building ( 88 apartments on11 floors ) and was caught/detected by FDNY inspector  Joe Motyka  at 12:00 time, who with FDNY issued Summons  for Classic Security and  320 E 53 street Management (Animal Hospital) to Criminal Court for  violating of

Rules of City of New York (RCNY) and FDNY Rules when where fined with $350.00 and later after 4/26/2008 were fined in Criminal Court with  $ 5,000.00 fine because of again criminally violating RCNY and FDNY rules- did not give to FSD E.Bronzini even opportunity to take  On-Site test for more than 6 months at 320 E 53 street site.

### Document Request No. 8

Produce all documents including all Classic Security's  Office official letters, Confidential E-mails  related to informing FSD E.Bronzini (Signed by FSD E.Bronzini) about African- American Classic Director Of Operations R.Jessamy's  scheduled on 8/24/2010  On-Site  test with FDNY , which took place on 1/18/2011 at 711 3rd Ave. site, but was stopped by FDNY Inspector, because of absence of  uninformed applicant FSD E,Bronzini .

### Document Request No. 9

Produce documents reflecting: 5 days before and 5days after date of April 17th,2008 year's  all  FSD's entries ,all shifts from 320 E 53 street's site's  Classic Security Log book.

### Document Request No. 10

Produce documents reflecting: all entries from  320 E 53 street site's  AMC Incident Diary (Red Book) dated  from April 12th,2008 to April 22th,2008 .

### Document Request No. 11

Produce documents reflecting: all entries with full days and all 24/7 hour shifts from Classic's Logbook 415  E 59 street site's dated  from February 4th,2008 to February 8th,2008.


Dated:  Brooklyn, New York
        October 16th, 2012

                                    BY:    _E.Bronzini_

                                    Eimont Bronzini, *Plaintiff*

                                    2251 81st Street, Apt C-1
                                            Brooklyn, NY 11214
                                            (718) 490 3741



Elmont Branzini
2251 81st St Apt C1
Brooklyn, NY 11214



ANDREW W. SINGER

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 THIRD AVENUE
NEW YORK, N. Y. 10022

10022\*4749 C383

# EXHIBIT B

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

Writer's Direct Dial: (212) 508-6741
Writer's Direct Fax: (646) 390-6886
E-mail: stallone@thsh.com

October 25, 2012

**BY REGULAR MAIL**

Mr. Eimont Bronzini
2251 81st Street, Apt. C-1
Brooklyn, NY 11214

      Re:    *Bronzini v. Classic Security LLC*
              Case No.: 11 Civ. 2096

Dear Mr. Bronzini:

      I am rejecting and returning Plaintiff's Second Request For Production of Documents, dated October 16, 2012 ("Plaintiff's Second Request") because it violates the Court's Scheduling Order, dated September 28, 2012, which provides that "[a]ll fact discovery shall close not later than September 28, 2012." (A copy of the Scheduling Order is attached hereto for your convenience.)

      We note that document request numbers 7 and 8 contained in Plaintiff's Second Request are duplicative of document request numbers 9 and 10 contained in Plaintiff's First Request for Production of Documents and Interrogatories and that Classic has already provided a response to such requests. The remaining requests contained in Plaintiff's Second Request are new requests that are not permitted after the close of discovery.

                            Very truly yours,

                            Maryann C. Stallone

Enclosure
cc: Andrew W. Singer, Esq.

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____                     │
│ DATE FILED OCT 0 1 2012           │
└──────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x

EIMONT BRONZINI,

        Plaintiff,

    - against -

CLASSIC SECURITY LLC,

        Defendant.

-------------------------------------------------- x

      11 Civ. 2096 (KBF)

      REVISED SCHEDULING ORDER

KATHERINE B. FORREST, District Judge:

    IT IS HEREBY ORDERED:

1.  All fact discovery shall close not later than September 28, 2012

2.  Should a party make a dispositive motion, the opening brief shall be served and filed not later than October 22, 2012; the opposition shall be served and filed not later than November 21, 2012; and a reply, if any, shall be served and filed not later than November 29, 2012.

3.  All pretrial materials, including the Joint Pretrial Order ("JPTO") shall be filed not later than December 17, 2012.

4.  Trial in this matter shall commence on January 7, 2013.

    The Clerk of the Court is directed to mail this Order to plaintiff Eimont Bronzini at 2251 81st Street, #C-1, Brooklyn, NY 11214.

    SO ORDERED.

Dated:  New York, New York
      9/28/12

                                     KATHERINE B. FORREST
                                     United States District Judge

ᵣED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

EIMONT BRONZINI,                        :   Civil Action No. 11 Civ. 2096 (KBF)

                *Plaintiff,*          :

     - v -                                :

                                 :

CLASSIC SECURITY, LLC,                  :

                *Defendant.*        :

------------------------------------------------------X

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION
## OF DOCUMENTS
(5 Pages)

      **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Eimont Bronzini ("Plaintiff") requests that Defendant Classic Security LLC ("Classic Security") serve upon the Pro Se Plaintiff, separate and complete sworn answers to the following written interrogatories, as well as produce for discovery and inspection, all documents responsive to Plaintiff's Eimont Bronzini's document requests, in accordance with Local Rule 26.3 of the Local Rules of this District, on or before thirty (30) days after the service of these interrogatories and document requests.

      <u>**Second request** for production</u>  of documents is following step ,which is as result of :

1. Defendant's intentional refusal to produce all documents requested by Plaintiff in First Request.

2. Defendant's intentional misleading/controversial answers and 100% lies in respond to Interrogatories.

- 1 -

3. Defendant's intentional lies in Classic's official statements that there are no any existing documents responsive to these still remaining (in First Request) exact requests for Production of Documents Requests in the light of officially provided by FDNY documents in response to the Subpoena (Plaintiff provided all 32 numbered pages of Subpoena to Defendant with this Second Request for Production of Documents) in which facts are opposite and controversial to Defendant's /Classic's official statement's/lies about that there are no existing documents.

4. Defendant's lawyer's assistant's M. Stallone's aggressive, threatening tone during phone dispute on Tuesday, 10/09/12 for the purpose of holding in nearest future meeting to discuss/resolve Discovery problems, which became Defendant's smart game in recopying 10-20-30 times the same documents with intention to create visibility of provided 600 pages as allegedly enormous amount of documents (only 20-30 real documents x 20 to 30 times =600 pages). Defendant's irritation and aggressiveness was caused by allegedly super demanding Plaintiff, even knowingly, by Defendant's thoughts, that Judges such as current 2012 year's Judge K.B.Forrest and previous 2008/2009 year's Judge H.Baer were and still are "pocket judges", who are able in accepting/recopying only 7(seven) Phrases containing 3 to 5 words of intentionally created for corruption purposes only Defendant's lies, which always are leading to the best commercial deals in dismissal (without opening for fair review) of the cases before jury trials starts.

5. Defendant's smart game in Response for Production of Documents in submitting between 600 allegedly "enormous amount " of pages are included numerous of last minute written lies such as Command Disciplines/write-ups (unsigned), miserable/unusual/disastrous facts- sick, shameful fantasies written by loyal staff members under close supervision of African-American Classic's Director of Operation's R.Jessamy, who did not hesitate to use extensive pressure onto his … /witnesses for creating lies , which should to withstand thousands of admissible documental evidences/proofs of his and of Classic Security committed for the 7+

— 2 —

years intentional racial, national origin and age discrimination and retaliation acts against Plaintiff and his wife , FSD L.Bronzini.

6. Defendant's intentional fraud in submitting false documents under smart name 'REDACTED' E-Mails, which were previously numbered by Plaintiff, previously submitted by Plaintiff as originals and which were in fraudulent ,wanted way changed into opposite meanings by Defendant and newly renumbered as big part of 600 pages "ENORMOUS" amount produced for 'super" demanding Plaintiff.

### Document Request No. 1

Produce as diagrams exact amount of all Classic's Fire Safety Directors, who had/received on–site tests, which African -American Classic Security Director of Operations R.Jessamy scheduled with FDNY, identifying their names; identifying their Race; exact date of their employment in Classic Security; position hired for; hire rate; FSD's pay rate before on-site test; and  FSD's pay rate after passed FSD on-site tests during:

    1. 2006 year, including pay rate of Caucasian FSD E.Bronzini ;

    2. 2007 year  including pay rate of Caucasian FSD E.Bronzini;

    3. 2008 year  including pay rate of Caucasian FSD E.Bronzini;

    4. 2009 year  including pay rate of Caucasian FSD E.Bronzini;

    5. 2010 year including pay rate of Caucasian FSD E.Bronzini.;

    6. 2011year  including pay rate of Caucasian FSD E.Bronzini

### Document Request No. 2.

Produce African-American FSD Ryan Palmer's copy of FSD Certificate of  Completion Z-50.

### Document Request No. 3.

— 3 —

Produce documents reflecting African- American FSD  Ryan Palmer's as S/O starting salary in Classic Security given by African-American Classic Director of  Operations R.Jessamy  and later increased pay rate after passing his the  first FSD on-site test on 10/17/2006 at 23 W 43 street at  SL Green building/site.

### Document Request No. 4.

Produce  documents reflecting Classic's pay for African-American  Ryan Palmer's FSD School Course and Classic's pay for his FDNY written exams .

### Document Request No. 5

Produce documents  reflecting exact amounts of all Security Officers hired by Classic Security  Company During 2006-20011 years,  identified  amounts of their Races :

1. All 2006 year's hired new Security Officers.
2. All 2007 year's hired new Security Officers.
3. All 2008 year's hired new Security Officers.
4. All 2009 year's hired new Security Officers.
5. All 2010 year's hired new Security Officers.
6. All 2011 year's hired new Security Officers.

### Document Request No. 6

Produce all  documents reflecting African- American FSD  Brian Watson's :

1. Starting date and  pay rate  at FSD  position in 2007 year at 320 E 53 street.
2. FSD B.Watson's pay rate  after he passed  his first FSD on-site test at 320 E 53 street site on 9/24/2007.

### Document Request No. 7

Produce all official documents including Command Disciplines/Write-Ups , written Warnings or work Termination  decisions, which  Classic Security Company or African-American Classic's Director of Operations R.Jessamy issued  for African-American FSD B.Watson , who on 4/17/2008 abandoned/left his post  being on  FSD duty at  320 E 53 street residential building ( 88 apartments on11 floors ) and was caught/detected by FDNY inspector  Joe Motyka  at 12:00 time, who with FDNY issued Summons  for Classic Security and  320 E 53 street Management (Animal Hospital) to Criminal Court for  violating of

Rules of City of New York (RCNY) and FDNY Rules when where fined with $350.00 and later after 4/26/2008 were fined in Criminal Court with  $ 5,000.00 fine because of again criminally violating RCNY and FDNY rules- did not give to FSD E.Bronzini even opportunity to take On-Site test for more than 6 months at 320 E 53 street site.

### Document Request No. 8

Produce all documents including all Classic Security's  Office official letters, Confidential E-mails  related to informing FSD E.Bronzini (Signed by FSD E.Bronzini) about African- American Classic Director Of Operations R.Jessamy's  scheduled on 8/24/2010   On-Site  test with FDNY , which took place on 1/18/2011 at 711 3rd Ave. site, but was stopped by FDNY Inspector, because of absence of  uninformed applicant FSD E,Bronzini .

### Document Request No. 9

Produce documents reflecting: 5 days before and 5days after date of April 17th,2008 year's all  FSD's entries ,all shifts from 320 E 53 street's site's  Classic Security Log book.

### Document Request No. 10

Produce documents reflecting: all entries from  320 E 53 street site's  AMC Incident Diary (Red Book) dated  from April 12th,2008 to April 22th,2008 .

### Document Request No. 11

Produce documents reflecting: all entries with full days and all 24/7 hour shifts from Classic's Logbook 415  E 59 street site's dated  from February 4th,2008 to February 8th,2008.


Dated:  Brooklyn, New York
         October 16th, 2012

BY:   *EBronzini*

Eimont Bronzini, *Plaintiff*

2251 81st Street, Apt C-1
         Brooklyn, NY 11214
         (718) 490 3741

- 5 -



Elmont Brenzini
2251 81st St Apt C1
Brooklyn, NY 11214



Andrew W. Singer

Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue
New York, N.Y. 10022

10022$4749 C383