UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

EIMONT BRONZINI,                                  :        Civil Action No. **11 Civ. 2096 (KBF)**

*Plaintiff,*                      :

- v -                            :

:

CLASSIC SECURITY, LLC,                      :

*Defendant.*                   :

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/12

**PLAINTIFF'S MEMORANDUM OF LAW / REBUTTAL IN SUPPORT OF HIS**

**OPPOSITION TO CLASSIC SECURITY, LLC's RIGHT FOR MOTION FOR SUMMARY**

**JUDGMENT**

Eimont Bronzini

2251 81st Street, Apt C-1

Brooklyn, NY 11214

(718) 490 3741

**ATTENTION:**

**OFFICIAL REMINDING:  PLEASE DO NOT CONSIDER ANY ONE OF DEFENDANT's**
marked as Ex., G [Eimont Tr. 1-276] and any Ex., H [Lolita Tr. 1-55], because all of them are
FAKE and could  not be used as evidences in the case. Please see Officially Registered in US
Court Explanation at (*Exhibit # A*) (*Exhibit # B*) (*Exhibit # C*).

## PLAINTIFF'S PRELIMINARY STATEMENT

Plaintiff White, Foreign Born, 54 years old FSD E. Bronzini respectfully moves this Court to
not grant Classic's Security, LLC Motion for Summary Judgment. Plaintiff's remaining claims
should not be dismissed because Plaintiff  (1) can establish a *Prima Facie* for all his hard
discrimination and severe retaliation claims under Title VII of Civil Rights Act 1964 ("Title VII")
and the Age Discrimination in Employment Act 1967 ("ADEA"); (2) Classic had no legitimate and
only discriminatory reason for terminating Plaintiff's employment; (3) Plaintiff can demonstrate that
Classic's proffered reasons for terminating his employment were a pretext for discrimination. All of
hard discrimination and severe retaliation Plaintiff's claims are timely filled as a matter of law by the
applicable statue of limitations.

This Court at the beginning mistakenly made previously decision to only rewrote recopied
only Defendant's Falsely 7 phrases / statements which are not applicable to the case at this time,
because once again all 7 (seven phrases) recopied from only Defendant's case are proffering as lies
and only picked words from context which had nothing else than phrases without full case's context.

Defendant's recopied previously several phrases are simply defeated by Documental
Evidences and proffered all facts as being different than wrongfully recopied previously by Court.

This Plaintiff's Memorandum of Law in Opposition to Defendant's Law in Motion in
Summary Judgment is following almost all Defendant's Paragraphs with very clearly defeating of all

Defendant's Law findings revealing that all Defendant's facts are only lies, misstatements, in providing fraudulent way, changed into wanted way, with only one reason – to foolish Court, and to obscure Justice. Defendant did not provide any even one serious documental evidence to support his allegedly law findings. All Defendant's exhibits are created last minute by One Person – African-American Classic's Director of Operations Mr. R. Jessamy, who was main organizer of all occurred in periods 2004 – 2006 and 2006 – 2008, 2008 – 2011, hard intentional discrimination and severe retaliation actions against White, Foreign Born, 46-53 years old FSD Eimont Bronzini and his wife, White Foreign Born, 42-48 years old, FSD Lolita Bronzini.

All African-American Mr. R. Jessamy's Affidavit of Support phrases and statements were proffered as False by exhibits, material facts, documental / sufficient evidences.

All Stallone's Affidavit of Support Statements were proffered as False by numerous exhibits as material facts, and sufficient evidences.

This time Plaintiff provided proofs that African-American  Classic's Director of Operations R. Jessamy  committed no only hard discrimination and severe retaliation actions Under The Title VII and ADEA, but also committed together Criminal offences  in criminally violating Rules City of New York (RCNY) and Fire Department of New York (FDNY) Rules: that Criminal Offences must be considered as Defendant's <u>deep</u> involvement into evidentially proffered criminal hard discrimination and criminal severe retaliation actions committed by African-American Mr. R. Jessamy against White FSD E. Bronzini and White FSD L.Bronzini.

All African-American Mr. R. Jessamy's Criminal Offences in violating RCNY and FDNY Rules are provided by FDNY under Court's official Subpoena and are dated and notarized.

**Summary Judgment Should Not Be Granted , Because Plaintiff Can Establish A *Prima Facie* Case Of Discrimination Under Title VII And The ADEA.**

Defendant's lies and fraudulent statements started from the beginning of Classic Security, LLC's Memorandum of Law in Support of its Motion for Summary Judgment with completely false statement that allegedly the gravamen of Plaintiff's claims of discrimination under Title VII and the ADEA is that Classic refused to provide him with an FSD site, and On-Site Test because of his race, national origin and age and paid him lower wages than African-American FSDs.

Plaintiff's true claims of racial, national origin and age discrimination and retaliation under Title VII and ADEA are that African-American Classic's Director of Operations Mr. R. Jessamy committing criminal offences in violating RCNY and FDNY Rules refused for White, foreign born, 48+ of age FSD E.Bronzini, who worked since September 26,2006 as fully functional FSD  at FSD work  sites (*Exhibit # 6-7, 9* ), to give him even one On-Site test (by RCNY and FDNY Rules on-site test must be taken within first 3 to 6 months period) during long period of 5 years (2006-2011 years) and paid him for his performed fully functional FSD work only $9.80/hour– (what was only S/O's salary) for the first 4  (*Exhibit # 21-27*) months and  then later only $12/hour, what was $6.20 to $4 /hour less than received in 2006/2007 years all 5 African-American FSDs at 625 Madison Ave. site (*Exhibit # 2*) who all received On-Site Tests within first 3 months period. African-American Classic's Director of Operations Mr. R. Jessamy forced White, foreign born, FSD E. Bronzini to pay as obligation contribution / charity from his stolen/ unpaid by Classic $4 per hour salary difference (stolen $700+ monthly= $8,500+ yearly) for 19 African-American FSD's On-Site Tests the amount of $8,500 yearly ($455 cost each test x 19 FSDs = $8,500) (*Exhibit # 8*).

The true gravamen of Plaintiff Claims are that African-American Mr. R. Jessamy per period of 2006-2011 years committed hard discrimination and severe retaliation actions not only on White,

foreign born  FSD E.Bronzini but committed hard discrimination and severe retaliation  together on his wife White, foreign born FSD L.Bronzini cutting her weekly work hours from 40 to 32 for long 5+ years period (2006-2011) of time, at the same time hiring 284+ new S/Os yearly for available work (*Exhibit # 28*). African-American Classic's Director of Operations Mr. R. Jessamy since February 15, 2011 completely, aggressively refused even to let to start to pursue FSD career for White, foreign born L. Bronzini (Classic' employee for 6+ years), officially, intentionally making lies, filling numerous times fraudulent contexts on wrong forms- what was by FDNY as committing criminal offences, which are punishable by Criminal Law (*Exhibit # 299*).

### Plaintiff Can Establish A *Prima Facie* Of The Discrimination Case Under Title VII:

1) He is a member of protected class – as the White Race and Foreign Born, who was intentionally. Permanently hardly discriminated by African-American Classic's Director of Operations Mr. R. Jessamy.

2) Plaintiff was fully qualified by FDNY for the FSD position, where he worked 2006-2011 years and he satisfactory performed his fully functional FSD positions, were  he was never late for work, had no any officially issued by Classic written or even no any verbal Command Discipline (acknowledged / signed by him). He never failed in performing his fully functional FSD duties per 5+ years.

3) White, foreign born, Plaintiff suffered an adverse employment actions from African-American Classic's Director of Operations Mr. R. Jessamy by not paying fully for his FSD work, for forcing to pay as obligation charity / contribution from his by Classic stolen / unpaid salary's $4/hour difference (total $8,500 yearly) for African-American FSDs' On-Site Tests, for their as being African-Americans better future financial situation.

4) The adverse employment actions occurred such as no full FSD pay, no FSD On-Site test for 5+ years, because of Classic's Director of Operations being an African-American, who preferred only African-American FSDs and by hating White, Foreign Born, FSD E. Bronzini, committed severe discrimination actions, which occurred under racially hating circumstances what was giving rise an inference of severe discrimination intent.

**Summary Judgment Should Not Be Granted  Because Plaintiff Can Establish A *Prima Facie* Of Discrimination Against Him Under ADEA:**

1) Plaintiff was in 2006-2011 years within protected age group as 48 to 53 years old.

2) Plaintiff was qualified by FDNY as fully functioning FSD, who obtained FSD Certificate of Completion Z-50 (2006-2011).

3) Plaintiff, 48-53 years of age, FSD E. Bronzini was discriminated by African-American Classic's Director of Operations Mr. R. Jessamy (30+), who gave much higher salaries to all African-Americans being in their mid 30's years of age FSDs: S.Winston – mid 30's; Ryan Palmer – mid 30's; B.Watson – mid 30's; A. Foster – mid 30's; Kimberly Danza – mid 30's; who were being between other 19 African-Americans FSDs yearly and who received from White, 48+ years old Plaintiff's unpaid / stolen by Classic his FSD salary's $4 per hour difference were paid as contribution / charity obligation to 19 African-American s FSDs' On-Site Tests yearly – almost all FSDs were been in mid 20's to mid 30's of age.

4) The African-American Classic Director of Operation (mid 30's) Mr. R. Jessamy's adverse actions against 48-53 of age Plaintiff fully functional FSD E. Bronzini occurred under severe circumstances giving rise to interference of total severe discrimination.

Defendant again in continuing lies and Fraudulent intentionally created provided allegedly true records which allegedly showed Classic's efforts to schedule On-Site Test and canceling all of them were allegedly due to reasons outside off Classic's control, allegedly indeed the undisputed record established that allegedly Plaintiff's unsatisfactory job performance and discourteous conduct to tenants, building personnel and other Classic's employees are allegedly to blame the fact that Plaintiff never passed an On-Site Test and never received his FSD Certificate of Fitness while at Classic.

Classic's discrimination is existing in only one person African-American Classic's Director of Operations Mr. R. Jessamy, having who in his own racial preferences committing criminal offences in violating the RCNY and FDNY Rules did not give On-Site Test to White, Foreign Born, 48-53 years of age FSD E. Bronzini for more than 6 months in 2006/2007 in 2007/2008 years and at the end of the year always fired from changed building, without any officially issued written Command Discipline, any even verbal explanation, but always with full year of stealing for Classic unpaid full FSD salary difference at least $4/hour what was yearly $8,500 – as the obligation contribution / charity / donation from White Plaintiff as payment to 19 African-American FSDs for their On-Site Tests, for their future higher FSD salaries.

Since August 2008 to 2011 White Plaintiff still continued to work in FSD position for $12/hour cut 415 E 59th Street since 2007 August to 2011 16yours weekly and permanently 1-4 times weekly asked African-American Mr. R. Jessamy to give him any shifts of FSD job but with full exact written FSD salary, with written exact start date, and with exact written date of On-Site Test, which all 3 exacts previously were forgotten September 2006 to 2008 August even when Criminal Court in 2008 clearly named non giving On-Site Test to FSD E. Bronzini for more than 6 months – as Classic's and building's criminal offences in violating RCNY and FDNY Rules. But African-American Mr. R. Jessamy, since received $5000 fine issued together with 320 E 53rd Street

owner, realized that he personally committed criminal offences in not giving On-Site Test in 2006/2007 and 2007/2008 years and his last minute created allegedly motivation that after full year of FSD work at the end firing / removing from site without On-Site Test White FSD E. Bronzini – was so visibly only for continuing discrimination again in full year at the other location with no full FSD pay, and no On-Site Test again. All allegedly undisputed records were provided only During Discovery Period as last minute created – only African-American Mr. R. Jessamy's fantasies – thoughts why for 5 years on On-Site Test was given to White Plaintiff and only $9.80/hour to $12/hour and why African-American FSDs had the right for $13-$15 - $16 / hour, and On-Site Test within first 3 months.

Plaintiff discrimination and retaliation claims proffered by provided Material Facts as sufficient evidences are surviving and are simply defeated refuting Classic's right for summary judgment.

**Plaintiff Can Establish That He Received Disparate Compensation While Employed by Classic As FSD.**

Defendant's <u>all</u> allegedly true facts are revealed by Plaintiff as fraud and lies and were very easy defeated by sufficient documental evidences which  proffered, established that Plaintiff ,White, FSD received disparate compensation, while he was employed by Classic as fully functional FSD.

Plaintiff's allegations that all new African-American employees hired for FSD positions by African-American Classic's Director of Operations Mr. R. Jessamy were paid for start $15 per hour are true and that he, Plaintiff, White, foreign born  was paid only $9.80/hour from the start work as FSD for 4 months (***Exhibit # 21-27***) and later after Plaintiff's EEOC Complaint only $12/hour

during period from 2006 to 2011 year (not as Defendant's lies that in 2006 – 2008 Plaintiff had $12-14.55 / hour )

Plaintiff, White, fully functional Fire Safety Director (FSD) E.Bronzini from the beginning compared himself to 5 African-American FSDs who worked with him at 625 Madison Ave. during period from September 26, 2006 to August of 2007 year including  African-American FSD Sandra Winston but not as lied Defendant that Plaintiff compared himself with 5 FSDs from different work places and from different time included by Plaintiff in  Statement of Facts during later time period of time 2007 – 2011.

Defendant in his arguments relied only on numerous exhibits, citations from allegedly Plaintiff's transcript of Deposition, which was unseen by Plaintiff, unsigned by Plaintiff, which was provided untimely and which was fraudulently created, written by Defendant and changed into wanted way, without any Errata. This desperate fraudulent action in falsifying, changing Plaintiff's answers after Deposition - showed that further could be and are more Defendant's lies, and false statements obscuring justice.

The only Plaintiff's E. Bronzini Deposition's 22 sheets of ERRATA, signed, notarized could be used in case as evidences, documental proofs. Defendant's which showed that further could be and are more Defendant's lies, and false statements.

Defendant's continued lie was simply defeated and was proffered  that African-American , FSD S. Winston was hired by African-American Classic's Director of Operations Mr. R. Jessamy had the same identical qualifications as Plaintiff, White, FSD E.Bronzini – but received $15/hour for start -$5,20 more than Plaintiff. Sufficient documental evidences proffered that African-American FSD Winston only obtained FSD Certificate of Completion Z-50 (***Exhibit # 3***)  - but had no any passed On-Site test prior employment in Classic – FDNY Subpoena (***Exhibit # 202, 203***). First her On-Site test Africa-American S.Winston  passed only on 10/06/2006  working at 625 Madison and

received raise from $15 to $16/ hour – at the same work site and at the same period of time, while White, FSD E. Bronzini with the same obtained FSD Certificate of Completion Z-50 and with 3 years work experience in Classic, but because by African-American Mr. R.Jessamy he belonged to the lower Race (White) and as being foreign born , received since September 26th, 2006 only $9.80/hour until January 16th, 2007 (4 month period) and then after that received raise only $12/hour. Per almost full year (11months) work at 625 Madison Ave. site White, FSD E.Bronzini had no given On-Site test (canceled by African-American Mr. R.Jessamy with no reason on March 23rd, 2007) and after canceling still continued to work as FSD 16 hours weekly for period of 4+ months (at 625 Madison without On-Site test again).

Defendant continued lie and fraudulent statement that exactly District Court found not Defendant lied again that so big Racial privilege was given by African-American Mr. R.Jessamy for another 2006 year's new Classic's employee African-American R. Palmer, who from start received $15/hour, whose the most biggest plus was that R. Palmer had 3 years experience as regular Security Guard supervised on his 8 hour shift other couple as him regular Security Guards, while at Classic Field Supervisor's starting salary was only $11 - $12 per hour previously being experienced as Field Supervisor at 20-30 buildings, full of S/Os and FSDs. And biggest Defendant's Lie is that African-American Mr. R.Jessamy hired African-American R. Palmer because he had previously passed On-Site test and had obtained Certificate of Fitness F-58, but R.Palmer's Resume showed no any even record of passed by him FSD School (**Exhibit # 4-5**), and FDNY notarized record from Subpoena (**Exhibit # 210**) showed that R. Palmer's first On-Site Test was passed only on 10/17/2006 scheduled by African-American Mr. R.Jessamy at Classic's site – 23 W 43rd Street. -SL GREEN Building.

Now two African-American S. Winston and African-American R. Palmer were compensated $15-$16/hour by African-American Mr. R.Jessamy because they were African-Americans, and according to material facts and sufficient evidences in exhibits their FSD qualifications were same,

similar (S. Winston) to Plaintiff's or having no any serious or any FSD qualifications except only being African-American (R.Palmer), while White, Foreign Born, FSD E.Bronzini was paid only $9.80 and after months only $12/hour. No one who received $15/hour from start such as African-Americans S.Winston and R.Palmer had been previously passed On-Site test and had no obtained FSD Certificate of Fitness F-58 – only Defendant's/ African-American, Classic's Director of Operations Mr. R.Jessamy's created lies and fraudulent misstatements in despair to prove that it was not discrimination based on Race, national origin under Title VII, but Classic's non discriminatory policy .

Continued again Defendant's lies and Fraudulent statements are very easy revealed and defeated by material facts and Exhibited documental evidences. African-American Mr. R.Jessamy in his Affidavit all lied that African-American FSD B.Watson who worked at 320 E 53rd Street with Plaintiff in 2007 and 2008 years start working as FSD only in January 2008 and African-American Mr. R.Jessamy lied that African-American FSD B. Watson passed his first On-Site Test only on August 14, 2008. African-American Mr. R.Jessamy's lies are easy to defeat with material facts, sufficient evidences (*Exhibit # 208*) – which official records showed that African-American FSD B.Watson passed his first On-Site Test on September 24, 2007 and received FSD Certificate of Fitness F-58, that was official FDNY record of completely different time as in provided African-American Mr. R.Jessamy's Affidavit / lie – on-site only on August 14, 2008. On August 14, 2008 FSD B.Watson took On-Site Test again, because of his committed Criminal offence – on April 17, 2008 he abandoned / left his FSD post at 320 E53rd Street. – for that Criminal offence was issued summons #425675065 for Classic and 320 E 53rd Street. building's owner to Criminal Court for criminally violating RCNY and FDNY Rules and paid $5,000 fine, after which African-American B.Watson continued working at the same site.

On 07/14/2008 White FSD E.Bronzini was fired after 1 full year of FSD work without On-Site Test – what was Mr. R. Jessamy's criminal offence in violating RCNY and FDNY Rules.

The huge difference in received disparate pay and treatment in discriminatory way is that African-American Mr. R.Jessamy gave to African-American FSD B. Watson $13/hour for start work in FSD position and on-site test within first 3 months on 9/24/2007 (***Exhibit # 208***) is completely big difference than African-American Mr. R.Jessamy's given only $9.80/hour to White FSD E.Bronzini since September 26, 2006 (worked as FSD at 625 Madison Ave.) for long 4 month period and only after filed complaint to E.E.O.C. on 01/11/2007 – 5 days later –  raise only to $12/hour, because of belonging to White Race and because of foreign born status of FSD E.Bronzini.  African-American Classic's Director of Operations Mr. R. Jessamy did not let White, FSD E. Bronzini per first year (2006/2007) to receive On-Site Test and after passing it to receive full FSD salary of $16/hour (as $16/hour had all 5 FSDs at 625 Madison Ave. Building), per next 1 year (2007/2008) again no full FSD salary (only $12/hour) for period of full year at 320 E 53rd Street and no On-Site test – even that it were criminal offences (not given on-site test as a must for more than 6 months) committed by African-American Classic's Director of Operations Mr. R.Jessamy and owners of both  Buildings in violating RCNY and FDNY Rules. (***Exhibit # 217***)

African-American Mr. R.Jessamy in his verbal Affidavit in continued Fraudulent statements and lies in big despair of lack of any  proofs still repeating again that Plaintiff cannot himself compare, to coworkers from 2011 year (8 work days only)  African-American FSD Agnes Foster and African-American FSD Mrs. Kimberly Danza. Like belonged to the same Race and ethnicity African-American FSD B. Watson in 2007year together with African-American FSD Mrs. A. Foster both received same $13/hour for start work as FSD – once again compared them to White FSD E.Bronzini, who  received only $9.80/hour for FSD work start (***Exhibit # 21-27***)  and by African-American Mr. R.Jessamy's Affidavit / lie – that Plaintiff ($ 9,80 /hour) cannot compare to given

$13/hour for start to African-American B. Watson and to given $13/hour African-American A. Foster , while was paid $3.20/hour less for White, foreign born, FSD E.Bronzini – allegedly is not an argument, material Fact or evidence that African-American Classic' Director of Operations Mr. R.Jessamy by his Racial preference was giving much higher FSD salaries to African-American FSDs than to White, foreign born, FSD E.Bronzini - committed Racial, National Origin discrimination.

The last African-American Mr. R.Jessamy's Affidavit's lie was revealed in African-American FSD K. Danza's situation, (by Mr. R.Jessamy's lie that K.Danza, who previously had passed her On-Site Test and obtained FSD Certificate of Fitness F-58,  was hired for only $11/hour) who in 2010 January by documents  was hired as regular Classic's S/O working in 100 Park Ave. in part time and as regular S/O received $11/hour. On-Site Test FSD African-American K. Danza passed only in November 17, 2010 (*Exhibit # 212*) and FSD school and FDNY written exam passed in summer of 2010 and when started  working fulltime at 100 Park Ave. within first 3 months of work as FSD received On-Site Test from African-American Mr. R.Jessamy. Defendant desperately, shamefully still tried to compare situation of African-American FSD K.Danza, who by record of FDNY Subpoena received and passed her first on-site test within first 3 months of start work as FSD and salary raise to $16/hour- compared as her situation been much less favorable than White, Foreign Born, FSD E.Bronzini ,who was not given by African-American Classic's Director of Operations Mr. R.Jessamy On-Site test for period  of 5 years (60 months), no full FSD salary (only $9,80 to $12/hour +only Union's 20-35 cents raise yearly) per 5 years. African-American FSD K. Danza's dark payroll's period – summer – winter – no entries, hidden $13/hour for start as were given to  all African-American FSDs or $15/hour as received new African-Americans hired from outside by African-American Classic's Director of Operations Mr. R.Jessamy

Defendant's the only allegedly arguments failed, because once again Mr. R.Jessamy's lies are just so in one Fraudulent way clearly proffered African-American Classic's Director of

Operations Mr. R. Jessamy's racial preferences in hiring new person's for FSD positions from outside, even if they are African-American they are nominated $15/hour for start being even without any FSD school as regular S/O Ryan Palmer, who "supervised" couple of regular S/Os on his 8hr. shift (*Exhibit # 4-5, 210*), or African-American S. Winston, who had only FSD Certificate of Completion Z-50 (*Exhibit #3, 202-203*). Classic's fraudulent advertisings declaring about given $15 - $22 /hour for start only for candidates, who had FSD Certificate of Fitness F-58 are easy defeated by African-American Mr. R.Jessamy's true material facts, documental evidences in Exhibits – that only African-Americans new hired by Classic from the start receiving $15 - $22 / hour and within first 3 months all receiving On-Site tests, and  after passed - $16/hour, who were previously regular S/Os (had no On-Site test), or obtained only FSD Certificate of Completion Z-50 (valid for 12 months) and that  true facts are, based on exhibits, that all African-American Candidates did not require to have previously passed On-Site Test and obtain FSD Certificate of Fitness F-58.

Other category of African-American Classic's Director of Operations Mr. R. Jessamy's racially  preferred group is Classic's African-American employees who were all receiving at least $13/hour when receiving FSD Certificate of Completion Z-50 and all of them receiving  On-Site Test within first 3 months of start work as FSD and after passed On-Site Test all receiving salary raise to  $16/hour – such are: African-American FSD B. Watson with start salary $13/hour (at320 E 53rd Street- in 2007) , African-American FSD A. Foster with starting $13/hour (at 48 Wall st. – 03/11/2007) African-American FSD K. Danza with starting $13-$15 / (hidden by Defendant) hour since start of full time work in 2010 summer at 100 Park Ave. The  exceptional situation was of African-American FSD A.Foster, whose FSD salary still remained $13(in 2007) to $14,55 (in February 2011), because she failed all 4 (four) 0n-site tests given her by African- American Classic's Director of Operations Mr. R.Jessamy  during 2007- 2010 years and this permanently numerous times situation of failing on-site tests is by  Defendant / Mr. R.Jessamy tried to compare as the same

situated African-American with the same as White, foreign born FSD E.Bronzini's final salary $14,55/hour in 2011 salary, intentionally hiding/forgetting that in contrary Plaintiff White FSD E.Bronzini did not even had only one opportunity to take On-Site Test during 2006/2007, during 2007/2008, and during time to 2011 year even knowingly  that that African-American Mr. R.Jessamy by intentionally not given to White Plaintiff, FSD E.Bronzini even one On-Site Test had committed criminal offences in violating RCNY and FDNY Rules every time when he numerous times canceled previously scheduled On-Site Tests after 11-12 months of work in FSD positions without On-Site Test, while were given to all African-American FSDs numerous On–Site Tests within first 3 months period.

Plaintiff, White FSD E. Bronzini, easy establishing that he received Disparate Compensation than African-American s Classic's employees – in 2006 -2011, because he being  obtained FSD Certificate of Completion Z-50, which allowed him to perform as fully functioned FSD received only $9.80/hour from start for 4 month period and then only $12/hour after for a long 5 years period, while all African-Americans hired from outside for FSD positions received $15/hour and local Classic's FSDs received $13/hour for only first 3 month period and after passed their On-Site tests all new received $16/hour and local FSDs received $16/hour plus Fat Check - $ 1,440+ withheld/unpaid  $3/hour difference (between $13 and $16/hour) per 3 months since start work as FSD until passed On-Site Test date.

Accordingly all Plaintiff's Disparate Pay claims are with clear merit and are as material facts, based on only documental sufficient evidences which proffered that Classic's provided non-discriminatory reasons were false and simply pre-textual.

**Classic's Stinky Classical Style Plan And Restricted Restrooms' Policy At 80 Broad Street Applied Only To White, Foreign Born 53 Years Old Plaintiff And Plaintiff's Termination With No Reason**

Once again Defendant lied and used provided as allegedly evidences Fraudulently self created and changed into wanted way numerous of named as [Eimont Tr.,1-276]  which allegedly had to create Plaintiff's conceding that locking restrooms during White, foreign born, Plaintiff's FSD evening work shifts was 80 Broad Street policy, but failed to provide any official document about that. TRUE facts were provided as Material Facts and as sufficient evidences by Plaintiff are very clearly written in official Classic's 2010 year's Orders Post Orders for 80 Broad Street site to all Classic's Employees that "...the only restroom the officer is to use is located in the basement. Women must use the master to gain entry to the Ladies-room" – end of citation (***Exhibit # 159-160***).

Defendant failed to prove with allegedly Plaintiff's conceding, which as [Eimont Tr.1-276] were numerous times used that African-American Classic's Director of Operations Mr. R. Jessamy and corrupted pervertive 80 Broad Street Engineers did not commit the most severe and most inhuman action ever heard in "...coordinated game plan" (2006) since which was created in 2011 year new lowest ever level "Stinky Classical Style Plan" – plot against White, Foreign Born, 53 years old fully functional FSD E. Bronzini in locking all building's restrooms on his evening shifts and not providing / hiding from him master key in case if the codes will fail on only 4th floor illegally used restrooms, or will be intentionally locked by pervertive Engineers. All African-American FSDs  mid 30s of age had Master keys on their shifts.

African-American Classic's Director of Operations Mr. R. Jessamy's and corrupted pervertive Engineers' "Stinky Classical Style Plan" in locking all toilets on only White, foreign born, FSD E.Bronzini's evening's shifts at 80 Broad St. failed and at the same time it has become the most

Sufficient Evidence and Material Fact which proffered that was established *a Prima Facie* of hard discrimination and severe inhuman retaliation with regard to Restricted use of the restroom for only Plaintiff at 80 Broad Street based on his Race, National Origin, and age. Building Engineers cooperated with African-American Mr. R. Jessamy against White, Foreign Born FSD E. Bronzini.

## Plaintiff Can Establish A *Prima Facie* Case Of Hard Intentional Discrimination And Severe Retaliation Against Mrs. L. Bronzini.

Defendant again in continuing lies and Fraudulently using as allegedly the only evidences – self intentionally created and changed into wanted way allegedly conceded in Depositions numerous citations of Mrs. L. Bronzini' as (***Exhibit # A, B, C*** "Lolita Tr. 1-55") tried to foolish Court that African-American Classic's Director of Operations Mr. R. Jessamy in numerous times refusal to provide or providing on wrong forms, in wrong  standards, not notarized, Recommendation / Verification Letters for application for Fire Safety Director, which were all full of lies and misstatements – which are as committing criminal offences by FDNY Rules – all those actions, which committed African-American Mr. R. Jessamy against White, Foreign Born, 49 years of age Mrs. L. Bronzini are not establishing a *Prima Facie* of the discrimination case.

But numerous Material Facts, including Mrs. L. Bronzini's Errata (***Exhibit # E***), sufficient evidences provided by Plaintiff showing that African-American Mr. R. Jessamy's taken adverse actions against White, Foreign Born, 49 years of age L. Bronzini such as since December 2006 to May, 2011  fired / cut her weekly work hours from 40 to 32 hours weekly (for period of 5+ years) at the same time hiring 284+ new S/O yearly (***Exhibit # 28***), plus such as intentionally refusing and not providing numerous times requested written right context (***Exhibit # 284-287***) on FDNY standard

form (**Exhibit # 283**), notarized even Recommendation / Verification Letter for Application for FSD and given again on standard FDNY Form with Fraudulent context (**Exhibit # 284-287**) as first step in pursuing Mrs. L. Bronzini's FSD career – were caused $25,000 in material damages as not received S/O salary during 2006-2011 years and caused, many of spent/lost days visiting Classic for providing what must be written, on what form and how right context must look like for very well knowingly - African-American Mr. R. Jessamy, who every year was giving 20-50 to all African-American S/Os right type and on the right standard FDNY form and written true right context facts and notarized Recommendation / Verification Letters for Application for FSD, but for White L. Bronzini  - he forgot "what he has to do and must" being intervened by FDNY Deputy Director of Public Certification Mrs. E. Araya who officially  "reminded"  to Classic's Director of Operations African-American Mr. R. Jessamy how it must be done and on what kind of standard form must be done ( FDNY standard form was included for him).

African-American Classic's Director of Operations Mr. R.Jessamy proffered that Classic intentionally committed hard  discrimination and severe retaliation during 2006 – 2011 years against not only White Plaintiff, but committed together on his wife White FSD L.Bronzini based on their both Race (White), on their Ethnicity (foreign born) and Age (44-53 y.).

African-American Classic's Director of Operations Mr. R. Jessamy's written first Notice of  Pay Rate Change  (FSD work pay rate) was again full  of discrimination context such as… '*if You should be reassigned to another location, Your pay rate may revert to your prior pay of $11.45*' , which was not previously spoken about – even well knowingly African-American Mr. R.Jessamy's for 5 years committed numerous work site changes for no reason and always with unpaid/stolen for Classic FSD salary and not given for five years  on-site test to White FSD E.Bronzini- was rejected by White FSD L.Bronzini as completely inappropriate and discriminating.

Mrs. L. Bronzini was hardly discriminated by African-American R. Jessamy under the Title VII based on her Race – White (Caucasian), Foreign Born status, and by ADEA because she was 44 to 49 years of age in 2006-2011 years.

African-American Mr. R. Jessamy's  acceptance only one race with only one ethnicity such as African-American preference was result of hatingly hard discrimination actions against White, Foreign Born Mrs. L. Bronzini, who per 7+ years had no any even once record of lateness, had no one committed work violation registered as Command Discipline, but was since her start work in 2004 punished by African-American R. Jessamy with 100+ weeks "Bench" duty – 4 hours daily waiting for work, at the same time Classic hired 284 new S/Os for available permanent work Since December 8, 2006 White Mr. L. Bronzini was hardly, severe punished by African-American R. Jessamy cutting her weekly work hours from 40 to 32, with even no  any right to be scheduled for "Bench" – 4 hours waiting for work and every week had been calling numerous times for additional the 5th day to complete 40 hours, had been hearing always answers  "no any work for You" by African-American dispatchers for long period of 5+ years (260+ weeks) until June 2011, only stop when Plaintiff received from EEOC for the second time Letter to Sue Classic Security LLC. Under Title VII and then after he filed his second discrimination complaint in U.S. Court.

African-American Classic's Director of Operations Mr. R.Jessamy's aggressive refusal for long period of 5 years (2006-2011) to let for White, foreign born, Mrs. L.Bronzini  to complete 40 work hours weekly cutting to only 32 work hours weekly (*Exhibit # 163-167*) – at the same time hiring 284 new S/Os yearly (*Exhibit # 28*) for always available work and aggressive refusal numerous times to give even Verification Letter for Application for Fire Safety Director for even start to pursue her FSD career - are the most brutal hard intentional discrimination and severe retaliation actions followed after her or her husband's or both complaints to Union, after filed complaints to

EEOC, after filed complaints to US Court during 2006 - 2011 years - are severe employment adverse actions, when employer was aware of this activity.

## **CONCLUSION**

For the forgoing reasons, Plaintiff E. Bronzini respectfully submits that this Court should not grant Classic's motion for summary judgment dismissing Plaintiff's Complaint in its entirety, and award Plaintiff such other and further relief as is just and proper.

Date: Brooklyn, New York

December 3rd, 2012

By: _E. Bronzini_

*Plaintiff Eimont Bronzini*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EIMONT   BRONZINI

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11  Civ. 2096  (KBF) (___)

**AFFIRMATION OF SERVICE**

- against -

CLASSIC   SECURITY   LLC

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, EIMONT BRONZINI_____, **declare under penalty of perjury** that I have
                        *(name)*

served a copy of the attached Plaintiff's Statement of Facts, Opposition to
                            *(document you are serving)*  Affidavit Motion for summary judgment

upon CLASSIC SECURITY (ANDREW W. SINGER) whose address is _____
        *(name of person served)*                         800 THIRD AVENUE New York

ANDREW W. SINGER TAUNENBAUM HELPERN SYRACUSE & HIRSHTRITT LLP,  NY 10022
                        *(where you served document)*

by MAIL CERTIFIED_____.
        *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: BROOKLYN , NY
        *(town/city)*  *(state)*
       DECEMBER   3 , 2012
        *(month)*  *(day)* *(year)*

E. Bronzini
**Signature**
2251 81ST STREET , APT C-1
**Address**
BROOKLYN, NY
**City, State**
11214
**Zip Code**
718 - 480 - 3741
**Telephone Number**

*Rev. 05/2007*