Case 1:11-cv-02096-KBF   Document 63   Filed 02/11/13   Page 1 of 5

# TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

**Andrew W. Singer**
Direct Dial: (212) 508-6723
E-mail: singer@thsh.com

FACSIMILE: (212) 371-1084

February 7, 2013

**VIA FEDEX**



Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 745
New York, N.Y. 10007

Re:  *Eimont Bronzini v. Classic Security LLC*,
Docket No. 11 Civ. 2096

Dear Judge Forrest:

We represent defendant Classic Security LLC ("Classic") and write in response to Plaintiff's latest communication to the Court, dated January 31, 2013 (annexed hereto as Exhibit A). In his letter, Plaintiff once again accuses Classic of fraud, without any basis in law or fact. This time he claims that Classic committed fraud because it did not serve Plaintiff with an Affidavit of Service, dated December 21, 2012, which certified that Classic's reply papers in support of its motion for summary judgment were served upon Plaintiff on December 13, 2012. (A copy of the Affidavit of Service to which Plaintiff refers is annexed hereto as Exhibit B for the Court's convenience). Notably, Plaintiff does not contend that he was not timely served with Classic's moving or reply papers in support of its motion for summary judgment, which he was.

Plaintiff continues to waste both this Court's and Classic's time and resources with his frivolous claims. Under the Federal Rules of Civil Procedure, there is no obligation to serve the opposing party with a certificate of service. A party is simply required to file a certificate of service with the Court within a reasonable time after service of the relevant pleading or papers is made. *See generally* Fed. R. Civ. P. 5(d); *see also* Fed. R. Civ. P. 4(l)(1) ("proof of service [of the complaint] must be made to the court"). Moreover, even if such an obligation existed, Plaintiff has not been prejudiced in any way since he clearly has notice that the Affidavit was filed with the Court and nevertheless was not entitled to submit any responsive paper thereafter.

Plaintiff's January 31, 2013 submission to this Court demonstrates further merit to Classic's request in its motion for summary judgment that this Court not only grant Classic's motion for summary judgment dismissing Plaintiff's baseless complaint, but issue an order barring Plaintiff from filing any further civil lawsuit in any court against Classic for any claim relating to his employment with Classic, without first obtaining leave of such court, to avoid further burdening the judicial system with Plaintiff's duplicative and frivolous claims.

*Ordered*

*Post to docket.*

2/11/13     *re D.7 ...*

Respectfully submitted,

Andrew W. Singer

cc: Eimont Bronzini (via FEDEX) USDJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

EIMONT BRONZINI,  :  Civil Action No. **11 Civ. 2096 (KBF)**

         *Plaintiff,*  :

  - v -  :

    :

CLASSIC SECURITY, LLC,  :

         *Defendant.*  :

--------------------------------------------------------------

## Letter to the Judge

  Dear Judge K. B. Forrest I, Eimont Bronzini, Plaintiff in the case declare under penalty of perjury that I was not served by Defendant a copy of the document dated December 21,2012, for which Affirmation of Service was filed in Pro- Se Office .

  Defendant (Classic Security LLC) did the same identical fraudulent move in December of 2008 year after an Answer secretly, without serviced on Plaintiffs (L.Bronzini and E.Bronzini) submitted convincing document to the Judge H. Baer, who previously being strict, honorable in all his held conferences and in his strict numerous orders to Defendant, who under these orders pressure, under Motion To Compel Discovery, provided almost 5,000 documental evidences. After received secret convinced document Judge H. Baer changed his honorable position into evidentially unhonorable/corrupted way and rewrote, recopied only Defendant's simple version of the case, based on only 7 (seven) non addressable phrases, intentionally picked from context of Plaintiff's Amended Complaint (25paragraphs on 19 pages) and changed those 7 (seven) phrases into opposite meanings into wanted way in short version full of fraud and lies.

  Defendant's fraud in not serving Plaintiffs with officially sent documents was numerous times in 2008 year ( including 2 hidden subpoenas) in addition to 2012 year's not serving practices are similar, are identical to fraud practices with changing into opposite meanings, into wanted way all Deposition's answers and without given to Plaintiff for review and for necessary corrections, untimely provided to the

Court in the Motion to Dismiss as only supportive evidences in Defendant's full of only lies and misstatements version.

I, Plaintiff, Eimont Bronzini, have hope that in 2013 year Court for the first time will revue Plaintiff's version with 307 supportive sufficient evidential documental proofs in the case In opposition To Defendant's Motion to Dismiss in the evidential light that Defendant's version and defendant's fraudulent actions and unlawful moves are obscuring justice as fraud and lies and should be treated in jury trial.

January 31, 2013                             Plaintiff, Eimont Bronzini

                                             E. Bronzini



TMBORO NY 112
BKLYN-STATEN IS.
01 FEB 2013 PM 2 L

ANDREW W. SINGER

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT
900 THIRD AVENUE
NEW YORK, N.Y. 10022

100224728699

Edmont Bronzini
225 L 81st St Apt C1
Brooklyn, NY 11214

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
EIMONT BRONZINI,                                                :
                                                                :
                    Plaintiff,                                  :
                                                                :
            - against -                                         :    11 CIV. 2096 (KBF)
                                                                :
CLASSIC SECURITY, LLC,                                          :
                                                                :
                    Defendant.                                  :
-------------------------------------------------------------- x

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**Gail Burwa**, being duly sworn, deposes and says:

I am not a party to this action, am over eighteen years of age, and reside in Whiting, New Jersey.

On December 13, 2012, I served via U.S. regular mail true and correct copies of **CLASSIC SECURITY, LLC's REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, dated 12/13/12; and the SUPPLEMENTAL AFFIDAVIT OF MARYANN C. STALLONE, dated 12/13/12 with Exhibits;** by depositing the true and correct copies thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to:

Eimont Bronzini
2251 – 81st Street, Apt. C1
Brooklyn, New York 11214

Dated: New York, New York
December 21, 2012

_____
Gail Burwa
Tannenbaum Helpern Syracuse Hirschtritt LLP
900 Third Avenue
New York, New York 10022
(212) 508-6772

Sworn to before me this
21st day of December, 2012.

_____
Notary Public

MATTHEW R. MARON
Notary Public, State of New York
Qualified in New York County
No. 02MA6141948
Commission Expires March 8, 2014