USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

EIMONT BRONZINI,                                : Civil Action No. **11 Civ. 2096 (KBF)**

                              *Plaintiff,*       :

            - v -                                :

                                                 :     **MOTION FOR**

CLASSIC SECURITY, LLC,            :                    **RECONSIDERATION**

                              *Defendant.*  :         **(Local Civil Rule 6.3)**

------------------------------------------------ X   **BRIEF**


**Attention:**  I, Plaintiff, on April 26th, 2013 received Judge's K.B. Forrest Opinion and Order – (9 days latter) by regular mail by U.S Postal Service, and I'm politely asking the Court to review and consider my **Motion for Reconsideration** due to the Postal Office late delivery.


* **Motion for Reconsideration  (Local Civil Rule 6.3)**


   I, Eimont Bronzini,  Plaintiff in the case, insistingly requesting You, Your honor, judge Forrest to reconsider your Final Judgment in closing the case which must be considered  as a miscarriage of justice occurred in the case.

   Motion for  Reconsideration (Local Civil Rule 6.3)  must be granted and must revert an incorrect decision in Opinion and Order, because there were provided  307 supportive sufficient admissible evidences used as Exhibits in Plaintiff's local Civil Rule 56.1  Statement of Facts with 39 paragraphs, based on notarized statements from Affidavit of Eimont Bronzini, and together with Plaintiff's Memorandum of Law/Rebuttal in Support

of  His Opposition to Classic Security,LLC's Right For motion For Summary Judgment

–defeated all defendant's provided facts as lies and revealed judge's K.B. Forrest

Intentional refusal to even open Plaintiff's case for fair or any review through

committing fraud in misstatements and lies and committing intentional violation of the

Rule 56.1 of the Federal Rules of Civil Procedure, which provided that Court **MUST**

consider **BOTH SIDES** cases in light by **RECORD EVIDENCE** of supported

admissible evidences.

Because judge K.B. Forrest from the beginning concluded that ***..."the Court assumes***

***familiarity with the facts of this case and here recites only those facts relevant  on this***

***motion. All facts are undisputed by admissible record material unless otherwise***

***noted."*** and secretly, in smallest letters at the bottom continued... ***"Plaintiff purports***

***dispute almost every fact put forward by defendant.... Most of of these disputes,***

***however, are not supported by any admissible record evidence. This Opinion only those***

***disputes that are supported by record evidence"***-and naturally or most believable that

she (KBF)intentionally **FORGOT** to open for fair or any review for consideration in the

case **Plaintiff's Local Civil Rule 56.1 Statement of Facts Court must reconsider in**

**Opinion and Order the final decision  in the light of facts that:**

There were provided to the Court by **RECORD EVIDENCE** a total of **307 pages as**

*Exhibits* from which there were selected by **RECORD EVIDENCE** total of **193 pages**

of *Exhibits* as the most sufficient and the most crucial evidences in support **Plaintiff's**

**Local Civil Rule 56.1 Statement of Facts** in numbered by **RECORD EVIDENCE**

total of **22** *paragraphs* :

4.- *Exhibit #:* 19;

5.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27; 2;

8.- *Exhibits #:* 29; 30; 217;

9.- *Exhibits #:* 29; 21; 22; 23; 24; 25; 26; 27; 2; 202; 203; 3; 210; 5; 4;

10.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27;

11.- *Exhibits #:* 202; 203; 3; 205; 206; 212;

16.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27; 2; 2; 202; 203; 210; 4; 5; 28; 21; 22; 23; 24; 25; 26; 27;

17.- *Exhibits #:* 1; 192; 193; 194;

20.- *Exhibits #:* 192; 193; 194; 192; 192; 193; 194; 21; 22; 23; 24; 25; 26; 27; 2;

21.- *Exhibits #:* 192; 193; 194;31;

22.- *Exhibits #:* 208; 181; 198; 199; 200; 198; 199; 200; 217;

23.- *Exhibits #:* 192; 193; 194; 33; 198; 217;

25.- *Exhibit #:*  307;

27.- *Exhibits #:*  89; 45; 46; 47; 48; 49; 50; 51; 52; 53; 54; 55; 56; 57; 58; 59; 60; 61; 62; 63; 64; 65; 66; 67; 68; 69; 70; 71; 72; 72; 73; 74; 75; 76; 77; 78; 79; 80; 81; 82; 87;

28.- *Exhibit #:*  89;

30.- *Exhibits #:*  45; 46; 47; 48; 49; 50; 51; 52; 53; 54; 55; 56; 57; 58; 59; 60; 61; 62; 63; 64; 65; 66; 67; 68; 69; 70; 71; 72; 72; 73; 74; 75; 76; 77; 78; 79; 80; 81; 82; 87;

31.- *Exhibits #:* 192; 193; 89; 88;

34.- *Exhibits #:* 159; 160; 170; 171;

35.- *Exhibits #:* 159; 160;

36.- *Exhibits #:* D; [Eimont tr. Errata page 181, line 19; 20; 21; 22; 23; 24; 25 ];

37.- *Exhibits #:* 306; 170; 171;

39.- *Exhibits #:* 14; 15; 16; 17; 18; 163; 164; 165; 166; 167; 284; 286; 285; 282; 283;

           281;

Because judge K.B.Forrest naturally or most believable that intentionally **FORGOT**

to open for fair or any review for consideration in the case of notarized **Affidavit of**

**Eimont Bronzini** **Court must reconsider in Opinion and Order the final decision in**

**the light of facts that:**

There were provided to the Court by **RECORD EVIDENCE** a total of **307 pages of**

*Exhibits* from which by **RECORD EVIDENCE** there were selected **112 pages of**

*Exhibits* which were used, pointed as the most sufficient and the most crucial evidences

in  support of **Affidavit of Eimont Bronzini** by **RECORD EVIDENCE** in **17**

numbered paragraphs:

5.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27; 2; 2; 202; 203;

6.- *Exhibits #:* 210; 4; 5;

8.- *Exhibit #:* 28;

12.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27;

13.- *Exhibits #:* 1; 192; 193; 194;

14.- *Exhibit #:* 1;

15.- *Exhibits #:* 192; 193; 194; 192; 193; 194;

16.- *Exhibits #:* 21; 22; 23; 24; 25; 26; 27; 2;

17.- *Exhibits #:* 192; 193; 194;

18.- *Exhibit #:* 31;

20.- *Exhibits #:* 181; 198; 199; 200; 198; 199; 200; 217;

21.- *Exhibits #:* 192; 193; 194; 307; 33; 198; 217;

30.- *Exhibits #:* 45; 46; 47; 48; 49; 50; 51; 52; 53; 54; 55; 56; 57; 58; 59; 60; 61; 62;

63; 64; 65; 66; 67; 68; 69; 70; 71; 72; 72; 73; 74; 75; 76; 77; 78; 79;

80; 81; 82; 83; 84; 85; 87;

34.- *Exhibits #:* 80; 192; 193; 194;

35.- *Exhibit #:* 89;

36.- *Exhibits #:* 159; 160; 170; 171; 172; 173; 174; 175; 176; 177; 178;;

39,- *Exhibits #:* 282; 283;284; 285; 286; 287; 300; 301; 302; 303; 304; 305; 298;


Because judge K.B.Forrest naturally or most believable that intentionally **FORGOT**

to open for fair or any review for consideration in the case **Affidavit of**

**Eimont Bronzini** **Court must reconsider in Opinion and Order the final decision in**

**the light of facts that:**

There were provided to the Court by **RECORD EVIDENCE** a total of **307 pages of**

*Exhibits* from which by **RECORD EVIDENCE** there were selected **61 pages of**

*Exhibits* which were used, pointed as the most sufficient and the most crucial evidences

in  support of **Plaintiff's Memorandum of Law/Rebuttal in Support of  His**

**Opposition to Classic Security,LLC's Right For Motion For Summary Judgment** by

**RECORD EVIDENCE** through context of **19 pages:**

*Exhibits #:* 6; 7; 9; 21; 22; 23; 24; 25; 26; 27; 2; 8; 28; 299; 21; 22; 23; 24; 25; 26; 27; 3;

202; 203; 4; 5; 210; 208; 208; 217; 21; 22; 23; 24; 25; 26; 27; 212; 4; 5; 210; 202; 203;

159; 160; # E; 28; 284; 285; 286; 287; 283; 284; 285; 286; 287; 163; 164; 165; 167; 28.

All official documents listed above in amount of 307 as *Exhibits* were submitted by Plaintiff as admissible evidences from Criminal Court, Fire Department's notarized Subpoena, Classic's official document entries from Log Books, Classic's official Post Orders, Classic's Official Pay-checks, Classic's Official Notices, Official Rules of City of New York (RCNY), Fire Department's of City of New York (FDNY) Rules and Regulations, FDNY official Certificates, Official E-mails, and other copies of other official sources – which could be considered as the only documents as admissible evidences in this case.

Not one Defendant's personal or confidential E-mails could be considered as admissible evidence in this case, because they all were used for personal use only and all are without any official register, or have never been shown to the Plaintiff, during his employment with Classic, in any official form, such as Command Discipline, or other forms of warning, which could explain African – American Classic's Director of Operations R. Jessamy's intentional severe discrimination and retaliation based on race, national origin and age committed against Plaintiff E. Bronzini and his wife L. Bronzini (Classic's employee).

Judge K.B. Forrest's one way so visibly intentional falsifying in her Opinion and Order all law findings on the only **4 (four) facts** found by her from total of 36 pages of **Plaintiff's Local Civil Rule 56.1 Statement of Facts** from which **22 paragraphs** were supported with total of **193 pages of** *Exhibits* as the most sufficient and the most crucial admissible evidences in support with Record Evidence (listed above), found the only one worth to cite confidential E-mail: (Id. ¶ 52; id. Ex. 33.), which was originally: "I have numerous complaints regarding the 4-12 guard. And I cannot keep him around. He is not

working well with anyone.", but Judge K.B. Forrest intentionally in fraudulent way

deleted original context and incorporated [Bronzini] instead of unknown "4-12 guard" for

the purpose to foolish justice.


## CONCLUSION

For the forgoing reason, Plaintiff E. Bronzini respectfully submits that this Court should

reconsider Judge's K. B. Forrest Opinion and Order and do not grant Classic's Motion for

Summary Judgment dismissing Plaintiff's Complaint in its entirety, and award Plaintiff

such and other and further relief as is just and proper.


**I declare under penalty of perjury that the forgoing is true and correct.**

Date: Brooklyn, New York                                        By: _E. Bronzini_____

    May 9th, 2013                                        *Plaintiff Eimont Bronzini*


Included please find total of 7 (seven) pages of *Plaintiff's Motion for Reconsideration*

*(Local Civil Rule 6.3)* together submitted with *Plaintiff's Local Civil Rule 56.1 Statement*

*of Facts* (36 pages), *Affidavit of Eimont Bronzini* (18 pages), *Plaintiff's Memorandum*

*of Law/Rebuttal in Support of His Opposition to Classic Security,LLC's Right For*

*motion For Summary Judgment* (19 pages), together with *Plaintiff's Exhibits in*

*Opposition to Motion for Summary Judgment* (307 pages).